**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAN - 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Linda D. Lykens )
*P O B 408* )
*TWIN LAKE, MI.* Plaintiff, )  CASE NO.
*49457* )
vs, )  (PLAINTIFF DEMANDS A TRIAL BY
)  JURY OF ALL ISSUES SO TRIABLE)
)   CASE NUMBER   1:07CV00020
UNITED STATES )
Defendant. )  JUDGE: John D. Bates
)
   DECK TYPE: Pro se General Civil

   DATE STAMP: 01/*3*/2007

## COMPLAINT FOR DAMAGES UNDER 26 U.S.C. SECTION 7431

Linda D. Lykens, Plaintiff herein, complains of defendant and seeks statutory and/or

actual and punitive damages as follows:

I

### INTRODUCTION

1.    This is an action brought pursuant to Title 26, Section 7431 of the Internal Revenue

Code for the recovery of statutory and/or actual and punitive damages caused by the

intentional and/or negligent unlawful disclosure of confidential return information by

defendant's agent, Internal Revenue Service Operations Manager, Denise Bradley,

and other unknown agents (herein: agent(s)) of the Internal Revenue Service.

2.    This Court has jurisdiction for this action under Title 26, Section 7431(a)(1) of the

Internal Revenue Code, Venue is proper in this Court under 28 U.S.C. §1391(e).

II

### FACTS

3.    Linda D. Lykens is an individual who at all times material hereto resided in Michigan.

4.    On or about May 16th, 2006, defendant's agent, Denise Bradley, caused to be mailed to Howmet Credit Union, a purported Notice of Levy (a copy is affixed hereto. Identifying information has been excised), in amounts for which defendant has been unable to produce evidence of lawful assessment.

5.    On or about August 21st, 2006, defendant's agent, Denise Bradley, caused to be mailed to Plaintiff's place of work, a purported Notice of Levy (a copy is affixed hereto. Identifying information has been excised), in amounts for which defendant has been unable to produce evidence of lawful assessment.

6.    In the absence of a procedurally proper, valid assessment, made in full compliance with federal tax regulation 26 C.F.R. 301.6203-1, filed in the Office of the Secretary in full accordance with Internal Revenue Code section 6203, the aforesaid purported Notices of Levy contain multiple wrongful disclosures of "return information" as defined in law. SEE: ¶ 15, below.

7.    The wrongful disclosure of Plaintiff's return information has caused Plaintiff substantial mental and emotional distress.

8.    The wrongful disclosure of Plaintiff's return information has subjected Plaintiff to the real possibility of identity theft.

9.    In the absence of a procedurally proper, valid assessment, made in full compliance with federal tax regulation 26 C.F.R. 301.6203-1, filed in the Office of the Secretary in full accordance with Internal Revenue Code section 6203, Agent Denise Bradley's disclosures were not in good faith or there existed no good faith in disclosure of confidential return information.

10.   A reasonable Internal Revenue Agent can be expected to know the statutory provisions governing disclosure, as interpreted and reflected in the IRS regulations and manuals. An agent's contrary interpretation is not in good faith.

11.   Agent Bradley did not follow the dictates of section 6103 or the applicable IRS manual provisions prior to recording the purported notices.

12.   On information and belief, agent Denise Bradley has received extensive "disclosure" training which is designed to preserve the integrity of the confidentiality provisions of the federal tax laws which are codifications and extensions of the basic Forth Amendment right to privacy.

## III

## LEGAL AUTHORITY

13.   Section 7431 of the internal revenue code provides taxpayers with a cause of action for statutory and/or actual and punitive damages against the United States in the event an officer of employee thereof makes any unlawful disclosure of "return information" in violation of Section 6103 of the Internal Revenue Code.

14.   "Return Information" is required by Section 6103 to remain confidential and not be disclosed except as provided in Section 6103. There is no provision in Section 6103 providing   for the disclosures of the return information contained in the aforementioned purported Notices of Levy In the absence of procedurally proper, valid assessments, made in full compliance with federal tax regulation 26 C.F.R. 301.6203-1, filed in the Office of the Secretary in full accordance with Internal Revenue Code section 6203. "Return Information" is broadly defined in Section

6103(b)(2) as follows:

a taxpayer's identity, the nature, source. or amount of his income, payments, receipts, deductions, exemptions, credits, assets, *liabilities*, net worth, *tax liability*, tax withheld, deficiencies, overassessment, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition or offense ...

15.    "Taxpayer identity" is broadly defined in Section 6103(b)(6) as follows:

The term "taxpayer identity" means the name of a person with respect to whom a return is filed, his mailing address, his taxpayer identifying number (as described in section 6109), or a combination thereof.

16.    The disclosures described above, in the absence of a procedurally proper, valid assessment, made in full compliance with federal tax regulation 26 C.F.R. 301.6203-1, filed in the Office of the Secretary in full accordance with Internal Revenue Code section 6203, are intentional, negligent, and/or grossly negligent disclosures of "return information" in violation of Section 6103 and for which Plaintiff is entitled to statutory and/or actual and punitive damages under Section 7431.

## IV

## DAMAGES

17.    Internal Revenue Code section 7431 authorizes damages:

...in an amount equal to the sum of—
(1) the greater of—
   (A) $1,000 for each act of unauthorized inspection or disclosure of a return or return information with respect to which such defendant is found liable, or
   (B) the sum of—
      (i) the actual damages sustained by the plaintiff as a result of such unauthorized inspection or disclosure, plus

(ii) in the case of a willful inspection or disclosure or an inspection or disclosure which is the result of gross negligence, punitive damages, plus

(2) the costs of the action, plus

(3) in the case of a plaintiff which is described in section 7430 (c)(4)(A)(ii), reasonable attorneys fees, except that if the defendant is the United States, reasonable attorneys fees may be awarded only if the plaintiff is the prevailing party (as determined under section 7430 (c)(4)).

18.    The reprehensible and vexatious conduct of and the illegal disclosures made by the aforementioned agent and the other agents involved herein has caused Plaintiff substantial personal embarrassment, loss of good will, loss in credit, the extent of which at this time cannot be completely and accurately ascertained but which will be more fully known after the completion of discovery.  At a minimum, defendant is statutorily liable for 1,000.00 for each unauthorized disclosure by Denise Bradley.

19.    The intentionally and/or grossly negligent unlawful disclosures by agent Bradley and the other agents involved herein entitles Plaintiff to punitive damages the extent of which  at this time cannot be accurately ascertained but which will be more fully known after the completion of discovery.

// //

// //

// //

// //

// //

// //

// //

20.     Based on the unlawful disclosures, Plaintiff contends that she is entitled to the costs

of the action pursuant to Section 7431(c)(2) and (3).


**WHEREFORE**, Plaintiff requests after trial of this case that judgment be entered in

her favor against the United States for actual and punitive damages, the costs of this action,

expungement of the aforementioned notices and such other and further relief to which

Plaintiff is entitled.


Dated _December 29_, 2006

_Linda D. Lykens_
Linda D. Lykens


## Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of
Michigan, personally appeared, Linda D. Lykens, known to me to be the person whose name
is subscribed to the within instrument, and acknowledged to me that she executed the same
as her free act and deed.


Notary, State of Michigan: _Kari Lynn Loyd_
My Commission expires: _4-11-2013_

**Seal:**

KARI LYNN LOYD
Notary Public, Muskegon County, Michigan
My Commission Expires 4-11-2013
Acting in the County of Muskegon

Form 668-W(c)
(Rev. January 2001)

# Notice of Levy on Wages, Salary, and Other Income

DATE: 08/21/2006

IRS ADDRESS:
ACS SUPPORT - STOP 5050
PO BOX 219236
KANSAS CITY, MO 64121-9236

AUG 2 1

TO: P          41-0958036          DPC05

ALVOR LINES INC
PO BOX 16087
DULUTH MN 55816-0087875

TELEPHONE NUMBER    SEQNUM 05880
OF IRS OFFICE:
TOLL  FREE      1-800-829-7650
WI

NAME AND ADDRESS OF TAXPAYER:

LINDA D LYKENS
PO BOX 408
TWIN LAKE MI 49457-0408081

IDENTIFYING NUMBER(S):

LYKE  L  00

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040A | 12-31-2002 | $ 8,700.95 | $ 1,716.22 | $ 10,417.17 |

| | | | Total Amount Due ▶ | $ 10,417.17 |

We figured the interest and late payment penalty to _____ 09-13-2006 _____.

Although we have told you to pay the amount you owe, it is still not paid.

This is your copy of a Notice of Levy we have sent to collect this unpaid amount. We will send other levies if we don't get enough with this one.

This levy requires the person who received it to turn over to us: (1) your wages and salary that have been earned but not paid yet, as well as wages and salary you earn in the future until this levy is released, and (2) your other income that the person has now or is obligated to pay you. These are levied to the extent they are not exempt as explained on the back of Part 5 of this form.

If you decide to pay the amount you owe now, please **bring a guaranteed payment** (cash, cashier's check, certified check, or money order) to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

**Please see the back of Part 5 for instructions.**

Signature of Service Representative
*Whittington*

Title **Operations Manager, Collection**

Part 2 - FOR TAXPAYER

FORM 668-W(c) (Rev.1-01) 16748F

FILED

JAN - 3 2007          07 0020

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Form 668-W(c)
(Rev. January 2001)

Department of the Treasury – Internal Revenue Service

## Notice of Levy on Wages, Salary, and Other Income

| | |
|---|---|
| DATE: 08/21/2006 | TELEPHONE NUMBER     SEQNUM 05880 |
| | OF IRS OFFICE: |
| IRS ADDRESS:                    AUG 2 1 | TOLL FREE          1-800-829-7650 |
| ACS SUPPORT - STOP 5050 | WI |
| PO BOX 219236 | |
| KANSAS CITY, MO 64121-9236 | NAME AND ADDRESS OF TAXPAYER: |

TO:    P              41-0958036          DPC05

LINDA D LYKENS
PO BOX 408
TWIN LAKE MI 49457-0408081

HALVOR LINES INC
PO BOX 16087
DULUTH  MN   55816-0087875

5835

IDENTIFYING NUMBER(S):

LYKE   L   00

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040A | 12-31-2002 | $    8,700.95 | $    1,716.22 | $    10,417.17 |

**Employer or Other Addressee: Please complete the back of this page.**     Total Amount Due ▶     $    10,417.17

We figured the interest and late payment penalty to _____ 09-13-2006 _____

**Statement of Exemptions and Filing Status (to be completed by taxpayer; instructions are on the back of part 5)**

My filing status for my income tax return is (check one):    ☐ Single;    ☐ Married Filing a Joint Return;
☐ Married Filing a Separate Return;    ☐ Head of Household;   or ☐ Qualifying Widow(er) with dependent child

ADDITIONAL STANDARD DEDUCTION: _____ (enter amount only if you or your spouse is at least 65 and/or blind).

I certify that I can claim the people named below as personal exemptions on my income tax return and that none are claimed on another Notice of Levy. No one I have listed is my minor child to whom (as required by court or administrative order) I make support payments that are already exempt from levy.   I understand the information I have provided may be verified by the Internal Revenue Service. Under penalties of perjury, I declare that this statement of exemptions and filing status is true.

| Name (Last, first, middle initial) | Relationship (Husband, wife, son, daughter, etc.) | Social Security Number |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

| Taxpayer's signature | Date |
|---|---|
| | |

Part 3 - RETURN TO IRS

FORM 668-W(c) (Rev.1-01) 16748F

Form 668-A(c)
(Rev. January 2001)

Department of the Treasury - Internal Revenue Service

## Notice of Levy

| | | |
|---|---|---|
| DATE: 05/16/2006 | TELEPHONE NUMBER OF IRS OFFICE: | SEQNUM 00538 |
| REPLY TO: | TOLL FREE | 1-800-829-7650 |
| ACS SUPPORT - STOP 5050 | WI | |
| PO BOX 219236 | | |
| KANSAS CITY, MO 64121-9236 | | |

NAME AND ADDRESS OF TAXPAYER:

TO:    P        38-1627377        DPC05

HOWMET CREDIT UNION
2151 COGSWELL DR
WHITEHALL   MI          49461-1848519

LINDA D LYKENS
PO BOX 408
TWIN LAKE MI 49457-0408081

IDENTIFYING NUMBER(S):
LYKE  L   00                ▮▮▮▮▮▮

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040A | 12-31-2002 | $  8,948.74 | $  1,531.78 | $  10,480.52 |

THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. ➡

Total Amount Due ▶ $  10,480.52

We figured the interest and late payment penalty to _____ 06-15-2006 _____

Although we have told you to pay the amount you owe, it is still not paid. This is your copy of a notice of levy we have sent to collect this unpaid amount. We will send other levies if we do not get enough with this one.

**Banks, credit unions, savings and loans, and similar institutions described in Section 408(n) of the Internal Revenue Code must hold your money for 21 calendar days before sending it to us. They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property, credits, etc. that they have (or are already obligated for) when they would have paid you.**

If you decide to pay the amount you owe now, please **bring a guaranteed payment (cash, cashier's check,** certified check, or money order) to the nearest IRS office with form, so we can tell the person who received this levy not to send us your money. If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy. You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

| Signature of Service Representative | Title |
|---|---|
| *Theresa Bradley* | **Operations Manager, Collection** |

Part 3 - FOR TAXPAYER

# Excerpts from the Internal Revenue Code

**Sec. 6331. Levy and Distraint.**

(b) Seizure and Sale of Property.-- The term "levy" as used in this title includes the power of distraint and seizure by any means. Except as otherwise provided in subsection (e), a levy shall extend only to property possessed and obligations existing at the time thereof. In any case in which the Secretary may levy upon property or rights to property, he may seize and sell such property or rights to property *(whether real or personal, tangible or intangible)*.

(c) Successive Seizures.-- Whenever any property or rights to property upon which levy has been made by virtue of subsection (a) *is not sufficient to satisfy the claim of the United States for which levy is made, the Secretary may, thereafter, and as often as may be necessary, proceed to levy in the like manner upon any other property liable to levy of the person against whom such claim exists, until the amount due from him, together with all expenses, is fully paid.

(e) Continuing Levy on Salary and Wages.-- The effect of a levy on salary or wages payable to or received by a taxpayer shall be continuous from the date such levy is first made until such levy is released under Section 6343.

**Sec. 6332. Surrender of Property Subject to Levy.**

(a) Requirement.-- Except as otherwise provided in subsections (b) and (c), any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

(d) Enforcement of Levy.

(1) Extent of personal liability.-- Any person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of taxes for the collection of which such levy has been made, together with costs and interest on such sum at the underpayment rate established under section 6621 from the date of such levy (or, in the case of a levy described in section 6331 (d)(3), from the date such person would otherwise have been obligated to pay over such amounts to the taxpayer). Any amount (other than costs) recovered under this paragraph shall be credited against the tax liability for the collection of which such levy was made.

(2) Penalty for violation.-- In addition to the personal liability imposed by paragraph (1), if any person required to surrender property or rights to property fails or refuses to surrender such property without reasonable cause, such person shall be liable for a penalty equal to 50 percent of the amount recoverable under paragraph (1). No part of such penalty shall be credited against the tax liability for the collection of which such levy was made.

(e) Effect of honoring levy.-- Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary or who pays a liability under subsection (d)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

**Sec. 6333. Production of Books.**

If a levy has been made or is about to be made on any property, or right to property, any person having custody or control of any books or records, containing evidence or statements relating to the property or right to property subject to levy, shall, upon demand of the Secretary, exhibit such books or records to the Secretary.

**Sec. 6334. Property Exempt From Levy.**

(a) Enumeration.-- There shall be exempt from levy

(4) Unemployment benefits.-- Any amount payable to an individual with respect to his unemployment *(including any portion thereof payable with respect to dependents)* under an unemployment compensation law of the United States, of any State, or of the District of Columbia or the Commonwealth of Puerto Rico.

(6) Certain annuity and pension payments.-- Annuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor Roll (38 U.S.C. 562), and annuities based on retired or retainer pay under chapter 73 of title 10 of the United States Code.

(7) Workmen's compensation.-- Any amount payable to an individual as workmen's compensation *(including any portion thereof payable with respect to dependents)* under a workmen's compensation law of the United States, any State, the District of Columbia, or the Commonwealth of Puerto Rico.

(8) Judgments for support of minor children.-- If the taxpayer is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment.

(9) Minimum exemption for wages, salary, and other income. -- Any amount payable to or received by an individual as wages or salary for personal services or as income derived from other sources, during any period, to the extent that the total of such amounts payable to or received by him during such period does not exceed the applicable exempt amount determined under subsection (d).

(10) Certain service connected disability payments.-- Any amount payable to an individual as a service-connected (within the meaning of section 101 (16) of title 38, United States Code), disability benefit under--

(A) subchapter II, III, IV, V or VI of chapter 11 of such title 38, or

(B) Chapter 13, 21, 23, 31, 32, 34, 35, 37, or 39 of such title 38.

(11) Certain Public Assistance Payments.-- Any amount payable to individual as a recipient of public assistance under--

(A) title IV (relating to aid to families with dependent children.) or title XVI (relating to supplemental security income for the aged, blind, and disabled.) of the Social Security Act, or

(B) State or local government public assistance or public welfare programs for which eligibility is determined by a needs or income test.

(12) Assistance Under Job Training Partnership Act.-- Any amount payable to a participant under the Job Training Partnership Act (29 U.S.C. 1501 et seq.) from funds appropriated pursuant to such Act.

(d) Exempt Amount of Wages, Salary, or Other income--

(1) Individuals on weekly basis.-- In the case of an individual who is paid or receives all of his wages, salary, and other income on a weekly basis, the amount of the wages, salary, and other income payable to or received by him during any week which is exempt from levy under subsection (a)(9) shall be the exempt amount.

(2) Exempt Amount.-- For purposes of paragraph (1), the term "exempt amount" means an amount equal to--

(A) The sum of--

(i) the standard deduction, and

(ii) the aggregate amount of the deductions for personal exemptions allowed the taxpayer under section 151 in the taxable year in which such levy occurs, divided by

(B) 52.

Unless the taxpayer submits to the Secretary a written and properly verified statement specifying the facts necessary to determine the proper amount under subparagraph (A), subparagraph (A) shall be applied as if the taxpayer were a married individual filing a separate return with only 1 personal exemption.

(3) Individuals on basis other than weekly.-- In case of any individual not described in paragraph (1), the amount of the wages, salary, and other income payable to or received by him during any applicable pay period or other fiscal period *(as determined under such regulations prescribed by the Secretary)* which is exempt from levy under subsection (a)(9) shall be an amount *(determined under such regulations)* which as nearly as possible will result in the same total exemption from levy for such individual over a period of time as he would have under paragraph (1) if *(during such period of time)* he were paid or received such wages, salary and other income on a regular weekly basis.

**Sec. 6343. Authority to Release Levy and Return Property.**

(a) Release of Levy and Notice of Release.--

(1) In General.-- Under regulations prescribed by the Secretary, the Secretary shall release the levy upon all, or part of, the property or rights to property levied upon and shall promptly notify the person upon whom such levy was made (if any) that such levy has been released if--

(A) the liability for which such levy was made is satisfied or becomes unenforceable by reason of lapse of time,

(B) release of such levy will facilitate the collection of such liability,

(C) the taxpayer has entered into an agreement under section 6159 to satisfy such liability by means of installment payments, unless such agreement provides otherwise,

(D) the Secretary has determined that such levy is creating an economic hardship due to the financial condition of the taxpayer, or

(E) the fair market value of the property exceeds such liability and release of the levy on a part of such property could be made without hindering the collection of such liability.

For purposes of subparagraph (C), the Secretary is not required to release such levy if such release would jeopardize the secured creditor status of the Secretary.

(2) Expedited Determination on Certain Business property.-- In the case of any tangible personal property essential in carrying on the trade or business of the taxpayer, the Secretary shall provide for an expedited determination under paragraph (1) if levy on such tangible personal property would prevent the taxpayer from carrying on such trade or business.

(3) Subsequent Levy.-- The release of levy on any property under paragraph (1) shall not prevent any subsequent levy on such property.

(b) Return of Property.-- If the Secretary determines that property has been wrongfully levied upon, it shall be lawful for the Secretary to return--

(1) The specific property levied upon,

(2) an amount of money equal to the amount of money levied upon, or

(3) an amount of money equal to the amount of money received by the United States from a sale of such property.

Property may be returned at any time. An amount equal to the amount of money levied upon or received from such sale may be returned at any time before the expiration of 9 months from the date of such levy. For purposes of paragraph (3), if property is declared purchased by the United States at a sale pursuant to section 6335(e)(relating to manner and conditions of sale), the United States shall be treated as having received an amount of money equal to the minimum price determined pursuant to such section or (if larger) the amount received by the United States from the resale of such property.

(d) RETURN OF PROPERTY IN CERTAIN CASES.--IF--

(1) any property has been levied upon, and

(2) the Secretry determines that--

(A) the levy on such property was premature or otherwise not in accordance with the administrative procedures of the Secretary,

(B) the taxpayer has entered into an agreement under section 6159 to satisfy the tax liability for which the levy was imposed by means of installment payments, unless such agreement provides otherwise,

(C) the return of such property will facilitate the collection of the tax liability, or

(D) with the consent of the taxpayer or the Taxpayer Advocate, the return of such property would be in the best interests of the taxpayer (as determined by the Taxpayer Advocate) and the United States,

the provisions of subsection (b) shall apply in the same manner as if such property had been wrongly levied upon, except that no interest shall be allowed.

CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Linda D. Lykens | United States ████████ |

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Linda D. Lykens
P.O. Box 408
Twin Lake, Michigan
        49457

ATTORNEYS

CASE NUMBER  1:07CV00020

JUDGE: John D. Bates

DECK TYPE: Pro se General Civil

DATE STAMP: 01/██/2007

*JURY ACTION*

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

O 1 U.S. Government Plaintiff

O 3 Federal Question (U.S. Government Not a Party)

⊙ 2 U.S. Government Defendant

O 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZEN
FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**O A. Antitrust**

☐ 410 Antitrust

**O B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**O C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**O D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**O E. General Civil (Other)**   OR   **⊙ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General <br> ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br> *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act <br> ☐ 890 Other Statutory Actions (if Privacy Act) <br><br> *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Labor Railway Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights <br> ☐ 445 American w/Disabilities-Employment <br> ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholder's Suits <br> ☐ 190 Other Contracts <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Verified claim for damages for unauthorized disclosure in violation of: 26 USC 7431

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ [_____]   Check YES only if demanded in complaint   **JURY DEMAND:**   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☒   NO ☐   If yes, please complete related case form.

DATE _December 29, 2006_   SIGNATURE OF ATTORNEY OF RECORD _Linda D. Lykens_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.