IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LINDA D. LYKENS,                    )
                                    )
                Plaintiff,          )
                                    )
        v.                          )        Civil No. 1:07-cv-00020-JDB
                                    )
UNITED STATES,                      )
                                    )
                Defendant.          )

UNITED STATES' MOTION TO DISMISS

        The United States moves to dismiss this action.  Plaintiff's complaint should be

dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction

because 26 U.S.C. § 7433 of the Internal Revenue Code provides the exclusive remedy

for allegedly unauthorized or improper collection actions.  In the alternative, Plaintiff's

complaint should be dismissed pursuant to Fed. R. Civ. P. (b)(1) for lack of subject

matter jurisdiction because Plaintiff has failed to meet her burden in proving exhaustion

of administrative remedies as required by 26 U.S.C. § 7433(d)(1).  In the alternative,

Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. (b)(6) for failure to

state a claim upon which relief can be granted because Plaintiff has not alleged

sufficient facts upon which to posit a violation of 26 U.S.C. § 6103.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: March 30, 2007                              Respectfully submitted,

                                                   /s/ Nicole M. Stoduto
                                                  NICOLE M. STODUTO
                                                  Trial Attorney, Tax Division
                                                  U.S. Department of Justice
                                                  Post Office Box 227
                                                  Washington, DC 20044
                                                  Telephone: (202) 616-9785
                                                  Facsimile: (202) 514-6966
                                                  Email: Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LINDA D. LYKENS,                          )
                                          )
                    Plaintiff,            )
                                          )
        v.                                )        Civil No. 1:07-cv-00020-JDB
                                          )
UNITED STATES,                            )
                                          )
                    Defendant.            )

MEMORANDUM IN SUPPORT OF THE
UNITED STATES' MOTION TO DISMISS

This is a suit brought under 26 U.S.C. § 7431 in an attempt to recover damages

allegedly caused by the Internal Revenue Service ("Service") disclosing confidential

return information.  Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ.

P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon

which relief can be granted.

QUESTIONS PRESENTED

Section 7433(a) provides, with one exception not pertinent here, that it "shall be

the exclusive remedy for recovering damages" for unauthorized or improper collection

actions.  26 U.S.C. § 7433(a).  Plaintiff's unauthorized disclosure claim relates a

collection action, specifically the serving of notices of levy by the Service.  Can Plaintiff

recover under 26 U.S.C. § 7431 when her claim is based on a collection action?

Section 7433(d)(1) requires the plaintiff to have "exhausted the administrative

remedies available to such plaintiff" before a judgment for damages may be awarded.

26 U.S.C. § 7433(d)(1).  Plaintiff has failed to meet her burden with respect to this requirement.  Because the exhaustion of administrative remedies is a prerequisite to this type of claim, should Plaintiff's claim be dismissed?

Section 6103 prohibits disclosures of "return information," except as permitted by the Internal Revenue Code.  26 U.S.C. § 6103.  Pursuant to exceptions provided in section 6103, the Service is authorized to disclose return information in order to carry out the provisions of the Code relating to collection of taxes.  26 U.S.C. § 6103(k)(6).  Did the Service violate section 6103 in serving notices of levy?

STATEMENT OF FACTS

1.  <u>Introduction</u>

On January 3, 2007, Plaintiff, acting *pro se*, filed her complaint.  Plaintiff seeks to recover damages for the disclosure of return information by Service agents, both named and unnamed in the complaint.  (Compl. ¶ 1.)

2.  <u>The present action for "wrongful disclosure" under section 7431</u>

Plaintiff argues that Service agents caused notices of levy to be served on Howmet Credit Union and Halvor Lines, Inc..  (<u>Id.</u> at ¶ 4, 5 Attachments.)  Plaintiff alleges that the notices of levy wrongfully disclosed tax return information, and that this disclosure caused Plaintiff substantial mental and emotional distress and subjected her to the possibility of identity theft.  (<u>Id.</u> at ¶¶ 6, 7, 8.)

Plaintiff bases her cause of action in 26 U.S.C. § 7431, which she maintains provides taxpayers with a cause of action for statutory and/or actual and punitive

damages against the United States in the event that a Service agent makes any unlawful disclosure of return information in violation of 26 U.S.C. § 6103.  (Id. at ¶ 13.)

3.  The prior action for "wrongful collection" under section 7433

Plaintiff has also filed a separate suit against the United States under the authority of 26 U.S.C. § 7433 (hereinafter Plaintiff's section 7433 suit).  In Plaintiff's section 7433 suit, she filed a complaint on July 6, 2006, alleging a variety of forms of misconduct by the Service and challenging the collection activity and validity of the assessments.  Lykens v. United States, No. 06-1226 (D.D.C. filed July 6, 2006).[1] Plaintiff's amended complaint also alleges wrongful disclosure of return information, and seeks damages.  (Id.)  In that complaint, Plaintiff acknowledges that 26 U.S.C. § 7433 is her exclusive remedy.  (Id. ¶ 6, 16.)

Plaintiff's section 7433 suit was dismissed November 27, 2006.  Lykens v. United States, No. 06-1226, 2006 U.S. Dist. LEXIS 85426 (D.D.C. Nov. 27, 2006).

ARGUMENT

**I.  Standard of Review**

When determining a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the court must give the plaintiff's factual allegations close scrutiny because the plaintiff has the burden of proof to establish jurisdiction.  See, e.g., Macharia v. United States, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); Grand Lodge of Fraternal

---

[1]The United States asks that the Court take judicial notice of the information contained in this complaint.  Upon request, a court will take judicial notice of its own files.  Fed. R. Evid. 201(d); Hinton v. Stein, 278 F. Supp. 2d 27, 29 (D.D.C. 2003).

Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). This scrutiny permits the court to consider material outside of the pleadings in its effort to determine whether it has jurisdiction. See, e.g., Cronauer v. United States, No. 04-1355, 2006 WL 2708682, at *2 (D.D.C. Sept. 20, 2006) citing EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 625 n.3 (D.C. Cir. 1997); Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir. 1992).

When determining a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), the court must view all of the allegations and facts in the complaint in a light most favorable to the plaintiff, and must grant the plaintiff the benefit of all inferences that can be derived from those facts. See Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004). However, the court need not accept as true legal conclusions couched as a factual allegations, inferences, or conclusory allegations that are unsupported by facts set forth in the complaint. See Trudeau v. Fed. Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006); Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## II. Section 7433 Is Plaintiff's Exclusive Remedy

Plaintiff's section 7431 claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because section 7433 of the Internal Revenue Code provides the exclusive remedy for allegedly unauthorized or improper collection actions, and this Court therefore lacks subject matter jurisdiction over this claim. Disclosures of return information allegedly made in the course of collection actions are subsumed within this exclusive remedy.

Section 7433(a) provides:

If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.  Except as provided in Section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433(a) (emphasis added).  By its own terms, the statute is the "exclusive remedy" for the violation of "any provision of this title" that occurs in the course of federal tax collection.  Id.  Congress provided only one exception to section 7433's exclusivity, and that is section 7432.  Id.

Section 7431 was added to the Internal Revenue Code six years before section 7433, and Congress must necessarily have been aware of section 7431 when it enacted section 7433.  Cf. Miles v. Apex Marine Corp., 498 U.S. 19, 32 (1990) ("We assume that Congress is aware of existing law when it passes legislation.").  Had Congress intended section 7431 to be an alternative or supplemental remedy to an action within the purview of section 7433, Congress would have included section 7431 as an exception along with section 7432.  Cf. Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.").

The legislative history of section 7433 further supports the conclusion that Congress intended the statute to be the exclusive avenue of redress for all unauthorized collection actions.  See Glass v. United States, No. 06-1619, 2007 WL 902074, at *2

(D.D.C. Mar. 27, 2007);  Evans v. United States, No. 06-1713, 2007 WL 869039, at *3

(D.D.C. Mar. 21, 2007); Koerner v. United States, No. 06-1633, 2007 WL 159716, at *2

(D.D.C. Jan. 23, 2007).   The legislative history provides that "an action brought under

this provision [section 7433] shall be the exclusive remedy for recovering damages

resulting from reckless or intentional disregard of a provision of the Internal Revenue

Code, or a regulation promulgated thereunder, by an IRS employee engaged in the

collection of any Federal tax."  H.R. REP. NO. 100-1104, at 228-290 (1988), reprinted in

1988 U.S.C.C.A.N. 4515, 5288-89.

Judicial precedent also supports the exclusivity of section 7433.  In Shwarz v.

United States, the Ninth Circuit held that section 7433 is the exclusive remedy for

alleged unauthorized disclosures of tax return information that occur in the course of

collection activity, and barred a claim under section 7431 in such a case.  Shwarz v.

United States, 234 F.3d 428 (9th Cir. 2000).  In Shwarz, the plaintiffs claimed that Service

employees made unauthorized disclosures when a revenue officer filed an allegedly

false declaration in support of an application to enter plaintiffs' place of business to

effect a levy and when revenue officers posted seizure notices at plaintiffs' place of

business.  Id.  Because the alleged unauthorized disclosures occurred in connection with

tax collection activities, the court ruled that the suit had to proceed under section 7433

and not section 7431.  Id.  See also Elias v. United States, No. 90-0432, 1990 WL 264722,

at *9 n.7 (C.D. Cal. Dec. 21, 1990) (noting that due to the then-recent enactment of

section 7433, Congress did not intend for section 7431 suits to be maintained in

situations arising from tax collection activities), aff'd mem., 974 F.2d 1341 (9th Cir.

1992).

    This Court recently concurred in the holding in Shwarz and the exclusivity of

section 7433.  Glass v. United States, No. 06-1619, 2007 WL 902074, at *2 (D.D.C. Mar. 27,

2007) ("§ 7433 bars claims under § 7431 when the alleged IRS disclosures involve federal

tax collection activity"); Powell v. United States, 2007 WL 853129, at *1 (D.D.C. Mar. 21,

2007) ("[G]iven the plain language of § 7433 (which was added after § 7431 was

encated)

the Court concludes that the statute provides the sole remedy for claims of

unauthorized disclosure made in the court of collection activity."); Evans v. United

States, No. 06-1713, 2007 WL 869039, at *3 (D.D.C. Mar. 21, 2007) ("§ 7433 bars a claim

under § 7431 where the alleged IRS disclosure is 'in connection with any collection of

Federal tax.'"); Koerner, et al. v. United States, No. 06-1633, 2007 WL 159716, at *3

(D.D.C. Jan. 23, 2007) ("Accordingly, § 7433 is plaintiffs' only possible avenue of

recourse and the Court lacks subject matter jurisdiction to hear plaintiffs' claims under §

7431."); Ross, et al. v. United States, 460 F. Supp. 2d 139, 139 (D.D.C. 2006) ("This

Court...concludes that, based on the plain language of section 7433(a) and its legislative

history, section 7433 bars plaintiffs' claim for damages to the extent plaintiffs seek such

relief under [other statutes].").

    Plaintiff's unauthorized disclosure claim relates to notices.  Chapter 64 of the

Internal Revenue Code addresses the issue of collection, and section 6331 contained

therein provides for the serving of notices of levy.  Accordingly, Plaintiff's unauthorized

disclosure claim relates to the Service's collection activities.  See Opdahl v. United

States, No. 98-0262, 2001 U.S. Dist. LEXIS 14098 (D.D.C. Aug. 16, 2001) (stating that the

serving of notices of levy is a collection activity).

Because section 7433 is the exclusive remedy for unauthorized collection

activities, this Court lacks subject matter jurisdiction, and the claim should be dismissed

under Fed. R. Civ. P. 12(b)(1).  To hold otherwise would enable a taxpayer, whose

return information was disclosed as part of collection activity, to recover damages

under both sections 7431 and 7433, or to elect the more favorable scheme of relief,

depending on the alleged violation.  Congress' intent was not to allow a taxpayer to

receive double recovery for the same conduct or to shop for the more favorable

remedial scheme.

### III.  Plaintiff's Claim Is Barred Because the Requirements of Section 7433 Have Not Been Met

Assuming arguendo that the Plaintiff had properly brought her suit pursuant to

section 7433, the Court should nonetheless dismiss Plaintiff's complaint because the

requirements of section 7433 have not been met.

It is well settled that the United States is immune from suit, unless its sovereign

immunity has been waived.  Kentucky v. Graham, 473 U.S. 159, 165-67 (1985); Lehman

v. Nakshian, 453 U.S. 156, 160 (1981); United States v. Testan, 424 U.S. 392, 399 (1976);

United States v. Shaw, 309 U.S. 495, 500-01 (1940).  It is also fundamental that where the

sovereign has waived immunity, no suit can be maintained unless it is in exact

compliance with the terms of the statute under which the sovereign has consented to be

sued.  United States v. Nordic Village, Inc., 503 U.S. 30 (1992); United States v. King, 395

U.S. 1, 4, 89 (1969); United States v. Sherwood, 312 U.S. 584, 596 (1947).

Under section 7433(d)(1), prior to bringing suit in federal district court for

damages, taxpayers must exhaust their administrative remedies.  26 U.S.C. § 7433(d)(1).

"A judgment for damages shall not be awarded under [section 7433] subsection (b)

unless the court determines that the plaintiff has exhausted the administrative remedies

available to such plaintiff within the Internal Revenue Service."  Id.

The Secretary of the Treasury of the United States has promulgated regulations

governing the administrative claim for damages under section 7433.  26 C.F.R. §

301.7433-1(e).  The regulations provide that --

> An administrative claim for the lesser of $1,000,000 ($100,000 in the case of
> negligence) or actual, direct economic damages...shall be sent in writing to the
> Area Director, Attn; Compliance Technical Support Manager of the area in which
> the taxpayer currently resides.

Id.  The taxpayer must send a written administrative claim for damages to the area

director in the district in which the taxpayer lives, and such claim must include the

following: (1) the grounds for the claim; (2) a description of the injuries incurred by the

taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred

but that are reasonable foreseeable; and (4) the signature of the taxpayer.  26 C.F.R. §

301.7433-1(e)(1) and (2).  Failure to comply with this regulation deprives a court of

- 11 -

jurisdiction. See Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte v.

United States, 979 F.2d 1375 (9th Cir. 1992); Glass v. United States, 424 F. Supp. 2d 224,

227 (D.D.C. 2006); McGuirl v. United States, 360 F. Supp. 2d 125 (D.D.C. 2004).

"In a § 7433 action, the plaintiffs bear 'the burden of demonstrating an explicit

waiver of the government's sovereign immunity from suit.'" Holt v. Davidson, 441 F.

Supp. 2d 92, 96 (D.D.C. 2006) (citing People of Cal. ex. rel. Ervin v. Dist. Dir., 170 F.

Supp. 2d 1040, 1048 (E.D. Cal. 2001)).   In the instant matter, Plaintiff makes no assertions

concerning her pursuit of administrative remedies, therefore Plaintiff has not met her

burden in proving exhaustion of administrative remedies.   In Plaintiff's 7433 suit, her

complaint was dismissed for failure to exhaust administrative remedies under 26 C.F.R.

§ 301.7433-1(e).   Lykens v. United States, No. 06-1226, 2006 U.S. Dist. LEXIS 85426, at *16

(D.D.C. Nov. 27, 2006).   As a result, Plaintiff has not adequately met her burden in

alleging that the United States has unequivocally waived its sovereign immunity,

therefore this Court does not have jurisdiction over this claim

and should dismiss the complaint.[2]

_____

[2]There is conflicting case law in the Court concerning whether the failure to
exhaust administrative remedies under section 7433 should be analyzed as a
jurisdictional issue under Fed. R. Civ. P. 12(b)(1) or as a failure to state a claim under
Fed. R. Civ. P. 12(b)(6).   Compare Turner v. United States, 429 F. Supp. 2d 149, 154
(D.D.C. 2006); Ross, et al. v. United States, 460 F. Supp. 2d 139, 139 (D.D.C. 2006) with
Davenport v. United States, 450 F.Supp.2d 96, 97 n.1 (D.D.C. 2006); Radcliffe v. United
States, 453 F.Supp.2d 101, 101 n.2, 103 (D.D.C. 2006); McGuirl v. United States, 360
F.Supp.2d 125, 128 (D.D.C. 2004); aff'd, 2005 WL 3781733 (D.C. Cir. 2005).   It is the
position of the United States that, as a term of consent to the waiver of sovereign
immunity, the requirement of administrative exhaustion under section 7433 is by
definition a part of the court's jurisdiction to entertain the suit.   However, because the

### IV.  Plaintiff Fails to State a Claim Because There Was No Unlawful Disclosure

But even if this case were properly before the Court under 26 U.S.C. §§ 7431 or 7433, Plaintiff has not alleged sufficient facts upon which to posit a violation of 26 U.S.C. § 6103, and therefore the matter should be dismissed under Fed. R. Civ. P. 12(b)(6).

Section 7431 provides civil damages when there is a negligent or willful violation of section 6103, other than in the collection process.  26 U.S.C. § 7431.  Section 7433 protects taxpayers from negligent or intentional violations of section 6103, *inter alia*, in the collection process.  26 U.S.C. § 7433.  Section 6103(a) is a general taxpayer privacy-protection statute, and states the general rule that return information shall be confidential, and that, except as authorized, such information shall not be disclosed. Church of Scientology of California v. Internal Revenue Service, 484 U.S. 9, 10 (1987); see also Koerner, et al. v. United States, No. 06-1633, 2007 WL 159716 mem. op. at 5 (D.D.C. Jan. 23, 2007) ("[N]ot all disclosures of tax return information violated § 6103."). The Internal Revenue Code contains a number of specific and several general exceptions to this rule of non-disclosure.  Specifically, section 6103(k)(6) provides:

_____

instant matter was brought pursuant to section 7431 rather than section 7433, and the basis of dismissal for failure to exhaust administrative remedies under section 7433 is only an ancillary issue, the United States respectfully moves to dismiss the action pursuant to 12(b)(1), or in the alternative, 12(b)(6).  Ross, et al. v. United States, 460 F. Supp. 2d 139, 139 (D.D.C. 2006) ("Thus, the Court will consider defendant's request, in the alternative, to dismiss plaintiffs' section 7433 claim under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.").

An internal revenue officer or employee may, in connection with his official duties relating to any...collection activity...disclose return information to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available...with respect to the enforcement of any other provisions of this title.  Such disclosures shall be made only in such situations and under such conditions as the Secretary may prescribe by regulation.

26 U.S.C. § 6103(k)(6).

The Secretary of the Treasury has promulgated regulations enumerating the specific circumstances under which disclosures may be made pursuant to section 6103(k)(6).  Because section 6103(k)(6) directs the Secretary of the Treasury to promulgate regulations controlling the situations and conditions under which disclosure is permitted, the resulting regulations are so-called "legislative regulations," and are entitled to special deference from the courts.  See, e.g., Chrysler Corp. v. Brown, 441 U.S. 281, 301-03 (1979).  Regulation 301.6103(k)(6)-1T(a) states:

[A]n internal revenue employee...in connection with the performance of official duties relating to any...collection activity...may disclose return information of any taxpayer, to the extent necessary to obtain information relating to such official duties, including, but not limited to-
(vi) Establishing or verifying the financial status or condition and location of the taxpayer against whom collection activity is or may be directed...or otherwise to apply the provisions of the Internal Revenue Code relating to establishment of liens against such assets, or levy, seizure, or sale on or of the assets to satisfy any such liability.

26 C.F.R. § 301.6103(k)(6)-1T(a) (2003).  See also 26 C.F.R. § 301.6331-1 (setting forth proper procedure for serving notices of levy).

Section 6103(k)(6) and the pertinent regulations "plainly indicate that disclosure of return information necessary to accomplish collection activities, including the service

- 14 -

of levies..., is exempt from the general disclosure prohibition of Section 6103(a)." Elias

v. United States, No. 90-0432, 1990 WL 264722, at *5 (C.D. Cal. Dec. 21, 1990), aff'd

mem., 974 F.2d 1341 (9th Cir. 1992); see also, Long v. United States, 972 F.2d 1174, 1180

(10th Cir. 1993) ("6103(k)(6) authorizes an IRS employee to disclose tax return

information in the issuance of liens and levies."); Mann v. United States, 204 F.3d 1012,

1018 (10th Cir. 2000) ("6103(k)(6) and the relevant regulations do permit disclosure of

tax return information when made in notices of lien and levy."); Opdahl v. United

States, No. 98-0262, 2001 U.S. Dist. LEXIS 14098, at *6-7 (D.D.C. Aug. 16, 2001) ("Federal

courts have held that disclosure of return information in notices of levy is 'necessary to

the collection activity' and thus falls within the § 6103(k)(6) exemption. The limited

information concerning plaintiff's tax deficiencies included in the notice of lien and

levies was 'necessary to the collection activity' and did not violate 26 U.S.C. § 7431.")

(internal citations omitted). This Court has recently upheld this argument in a case

nearly identical to the present one, and held that "under § 6103(k)(6) and related

Treasury regulations, plaintiffs have failed to state a claim under § 7431." Koerner, et

al. v. United States, No. 06-1633, 2007 WL 159716 mem. op. at 6 (D.D.C. Jan. 23, 2007).

In the instant case, it cannot be disputed that the notices of levy were served in

connection with the official duties of the Service in attempting to collect Plaintiff's tax

liabilities. The actions of the Service agents in this case properly fall under the

protection of section 6103(k)(6), therefore there can be no liability under sections 7431 or

7433. As a result, Plaintiff's complaint should be dismissed.

Plaintiffs' complaint asserts that the notices of levy were served "in amounts for which defendant has been unable to produce evidence of lawful assessment" and "[i]n the absence of a procedurally proper, valid assessment." (Compl. ¶ 4, 5, 6.) Sections 7431 and 7433 do not address the legitimacy of the collection process, and "whether a disclosure is authorized under § 6103 is in no way dependent upon the validity of the underlying [assessment], summons, lien or levy." Elias v. United States, No 90-0432, 1990 WL 264722 (C.D. Cal. Dec. 21, 1990). See also Mann v. United States, 204 F.3d 1012, 1020 (10th Cir. 2000) ("We…agree with…the majority of courts which have considered the issue that there is nothing in § 6103 which requires that the underlying means of disclosure be valid before the safe harbor of § 6103(k)(6) applies."); Wilkerson v. United States, 67 F.3d 112, 116 (5th Cir. 1995) ("The plain language of the Internal Revenue Code supports the...contention that the validity of the underlying collection activity is irrelevant in determining whether a disclosure is wrongful."); Venen v. United States, 38 F.3d 100, 106 (3d Cir. 1994) ("[T]he propriety of the underlying collection action…is irrelevant to whether disclosure is authorized under section 6103."); Bleavins v. United States, 807 F. Supp. 487, 489 ("[Section] 7431 does not apply to disputed merits of an assessment; it only addresses civil damages for disclosure violations of § 6103."), aff'd 998 F.2d 1016 (7th Cir. 1993) (table); Tomlinson v. United States, No. 89-1518, 1991 U.S. Dist. LEXIS 12631, at *7 (W.D. Wash. Aug. 20, 1991) (adopting the position that the validity of the underlying assessment is immaterial to the propriety of disclosures of return information in serving levies), aff'd 977 F.2d 591 (9th Cir. 1992); Flippo v. United

States, 670 F. Supp. 638, 643 (W.D.N.C. 1987) ("As a threshold matter the validity of the underlying lien and levy is wholly irrelevant to the disclosure issue."), aff'd 849 F.2d 604 (4th Cir. 1988).

At any rate, the Service did in fact make proper assessments against Plaintiff as evidenced by the notices of levy.  (Compl. ¶ 4, 5 Attachments.)  The assessments recorded and reflected in the notices of levy constitute admissible evidence of the fact of the assessments.  Fed. R. Evid. 803(15).  See also G.M. Leasing Corp. v. United States, 514 F.2d 935, 941 & n.5 (10th Cir. 1975) (accepting notice of levy as acceptable proof of assessment), rev'd on other grounds, 429 U.S. 338 (1997).  Additionally, "assessments for unpaid taxes are normally entitled to a presumption of correctness so long as they are supported by a minimal factual foundation."  Palmer v. United States, 116 F.3d 1309, 1312 (9th Cir. 1997) (internal citations omitted).  Therefore, Plaintiff's claim of invalid assessments is unconvincing, and, in any event, has no relevance to the question of allegedly unauthorized disclosure under section 6103.

In sum, Plaintiff has not alleged sufficient facts upon which to posit a violation of 26 U.S.C. § 6103, and therefore the matter should be dismissed under Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

Plaintiff's exclusive remedy is found in section 7433, therefore the complaint should be dismissed.  In the alternative, Plaintiff has not exhausted her administrative remedies under the Code, therefore the complaint should be dismissed.  In the

alternative, there has been no violation of section 6103, and Plaintiff's claim of an

invalid assessment does not change this result, therefore the complaint should be

dismissed.

DATE: March 30, 2007                            Respectfully submitted,

                                               /s/ Nicole M. Stoduto
                                               NICOLE M. STODUTO
                                               Trial Attorney, Tax Division
                                               U.S. Department of Justice
                                               Post Office Box 227
                                               Washington, DC 20044
                                               Telephone: (202) 616-9785
                                               Facsimile: (202) 514-6966
                                               Email: Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LINDA D. LYKENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:07-cv-00020-JDB |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS,

MEMORANDUM, proposed ORDER, and NOTICE OF RELATED CASES were caused

to be served upon Plaintiff *pro se* on the 30th day of March, 2007, by depositing a copy

in the United States' mail, postage prepaid, addressed as follows:

LINDA D. LYKENS
Plaintiff *Pro Se*
P.O. Box 408
Twin Lake, MI 49457

/s/ Nicole M. Stoduto
NICOLE M. STODUTO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LINDA D. LYKENS,                          )
                                          )
                    Plaintiff,            )
                                          )
            v.                            )          Civil No. 1:07-cv-00020-JDB
                                          )
UNITED STATES,                            )
                                          )
                    Defendant.            )

ORDER

Having considered the United States' motion to dismiss, memorandum in support

thereof, and any oppositions and replies thereto, the Court concludes that the motion

ought to be granted.  Accordingly, it is this _____ day of _____, 2007, at

Washington, District of Columbia,

ORDERED that the United States' motion to dismiss be and is GRANTED;

ORDERED that Plaintiffs' complaint be and is DISMISSED WITH PREJUDICE,

and it is further

ORDERED that the clerk shall distribute conformed copies of this order to the

parties and representatives of the parties listed below.


_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

NICOLE M. STODUTO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 616-9785
Facsimile: (202) 514-6966
Email: Nicole.M.Stoduto@usdoj.gov

LINDA D. LYKENS
Plaintiff *Pro Se*
P.O. Box 408
Twin Lake, MI 49457

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LINDA D. LYKENS,                          )
                                          )
                 Plaintiff,               )
                                          )
        v.                                )    Civil No. 1:07-cv-00020-JDB
                                          )
UNITED STATES,                            )
                                          )
                 Defendant.               )

<u>NOTICE OF RELATED CASES</u>

Save for the identity of the plaintiffs, the complaints in the following cases are

nearly identical to that filed in this matter:

    1. Grant North v. United States, Civil No. 1:06-cv-1516-EGS

    2. Robert J. & Lisa L. Welzel v. United States, Civil No. 1:06-cv-1580-RBW

    3. Will H. & Mary Catherine LaRue v. United States, Civil No. 1:06-1495-RBW

    4. LaVern & William S. Koerner v. United States, Civil No. 1:06-cv-1633-ESH

    5. Stephen J. and Patricia Lindsey v. United States, Civil No. 1:06-cv-1409-RBW

    6. Rebekah H. Miller v. United States, Civil No. 1:06-cv-1525-RMU

    7. Roy A. Watson v. United States, Civil No. 1:06-cv-1594-EGS

    8. Bruce R. Travis v. United States, Civil No. 1:06-cv-1584-RCL

    9. Paul B. Evans v. United States, Civil No. 1:06-cv-1713-JDB

    10. Mary H. & Robert W. Rhodes, III v. United States, Civil No. 1:06-cv-1840-EGS

    11. Rudolf & Glenda Luscher v. United States, Civil No. 1:06-cv-1617-PLF

    12. Eleanor M. Glass v. United States, Civil No. 1:06-cv-1619-ESH

13. Colby Dill v. United States, Civil No. 1:06-cv-1557-HHK

14. Lowell Martin v. United States, Civil No. 1:06-cv-1624-JDB

15. Jack D. Thrasher v. United States, Civil No. 1:06-cv-1623-GK

16. Norman E. & Carole M. Curfman v. United States, Civil No. 1:06-cv-1987-RMC

17. Stephen P. Foryan v. United States, Civil No. 1:06-cv-1947-RBW

18. James T. O'Connor v. United States, Civil No. 1:06-cv-1891-HHK

19. Jimmie D. & Pamela A. Ross v. United States, Civil No. 1:06-cv-1774-HHK

20. Lee F. Garvin v. United States, Civil No. 1:06-cv-1735-RBW

21. Thomas Powell v. United States, Civil No. 1:06-cv-1860-RJL

22. Manfred R. & JoAnn Stockwell v. United States, Civil No. 1:06-cv-1517-ESH

23. Thomas & Doris Moorhouse v. United States, Civil No. 1:06-cv-2152-EGS

24. Don & Beverly Ahrens v. United States, Civil No. 1:07-cv-35-RMU

25. Edward J. Link v. United States, Civil No. 1:o6-cv-2113-GK

DATE: March 30, 2007                    Respectfully submitted,

                                         /s/ Nicole M. Stoduto
                                        NICOLE M. STODUTO
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        Post Office Box 227
                                        Washington, DC 20044
                                        Telephone: (202) 616-9785
                                        Facsimile: (202) 514-6966
                                        Email: Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney