RECEIVED
APR 1 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Linda D. Lykens, and<br>Stephen W. Lykens<br><br>　　　　　Plaintiffs,<br><br>vs,<br><br>UNITED STATES<br>　　　　　Defendant. | )<br>)　CASE NO. 1:07-cv-00020 (JDB)<br>)<br>)　(PLAINTIFFS DEMAND A TRIAL BY<br>)　JURY OF ALL ISSUES SO TRIABLE)<br>)<br>)　**AMENDED COMPLAINT**<br>) |

COMPLAINT FOR DAMAGES UNDER 26 U.S.C. SECTION 7431

Linda D. Lykens, Plaintiff herein, pursuant to her right under Fed. R. Civ. P. Rule 15, hereby amends her complaint. Linda D. Lykens and Stephen W. Lykens, Plaintiffs complain of defendant and seek statutory and/or actual and punitive damages as follows, and for their causes of action aver:

I

**INTRODUCTION**

1. This is an action brought pursuant to Title 26, Section 7431 of the Internal Revenue Code for the recovery of statutory and/or actual and punitive damages caused by the intentional and/or negligent unlawful disclosure of confidential return information by defendant's agent, Internal Revenue Service Operations Manager, Denise Bradley, and other unknown agents (herein: agent(s)) of the Internal Revenue Service.

2. This Court has jurisdiction for this action under Title 26, Section 7431(a)(1) of the Internal Revenue Code, Venue is proper in this Court under 28 U.S.C. §1391(e).

## II

## FACTS

3.  Linda D. Lykens and Stephen W. Lykens are individuals who at all times material hereto resided in Michigan.

4.  On or about May 16th, 2006, defendant's agent, Denise Bradley, caused to be mailed to Howmet Credit Union, a purported Notice of Levy (a copy is affixed hereto. Identifying information has been excised), in amounts for which defendant has been unable to produce evidence of lawful assessment.

5.  On or about August 21st, 2006, defendant's agent, Denise Bradley, caused to be mailed to Plaintiff Linda D. Lykens' place of work, a purported Notice of Levy (a copy is affixed hereto. Identifying information has been excised), in amounts for which defendant has been unable to produce evidence of lawful assessment.

6.  On or about January 29, 2007, defendant's agent, Denise Bradley, caused to be mailed to Plaintiff Stephen W. Lykens' place of work, a purported Notice of Levy (a copy is affixed hereto. Identifying information has been excised), in amounts for which defendant has been unable to produce evidence of lawful assessment.

7.  In the absence of a procedurally proper, valid assessment, made in full compliance with federal tax regulation 26 C.F.R. 301.6203-1, filed in the Office of the Secretary in full accordance with Internal Revenue Code section 6203, the aforesaid purported Notices of Levy contain multiple wrongful disclosures of "return information" as defined in law. SEE: ¶ 15, below.

8.  The wrongful disclosure of Plaintiffs' return information has caused Plaintiffs

substantial mental and emotional distress.

9. The wrongful disclosure of Plaintiffs' return information has subjected Plaintiffs to the real possibility of identity theft.

10. In the absence of a procedurally proper, valid assessment, made in full compliance with federal tax regulation 26 C.F.R. 301.6203-1, filed in the Office of the Secretary in full accordance with Internal Revenue Code section 6203, Agent Denise Bradley's disclosures were not in good faith or there existed no good faith in disclosure of Plaintiffs' confidential return information.

11. A reasonable Internal Revenue Agent can be expected to know the statutory provisions governing disclosure, as interpreted and reflected in the IRS regulations and manuals. An agent's contrary interpretation is not in good faith.

12. Agent Bradley did not follow the dictates of section 6103 or the applicable IRS manual provisions prior to recording the purported notices.

13. On information and belief, agent Denise Bradley has received extensive "disclosure" training which is designed to preserve the integrity of the confidentiality provisions of the federal tax laws which are codifications and extensions of the basic Forth Amendment right to privacy.

III

LEGAL AUTHORITY

14. Section 7431 of the internal revenue code provides taxpayers with a cause of action for statutory and/or actual and punitive damages against the United States in the event an officer of employee thereof makes any unlawful disclosure of "return

information" in violation of Section 6103 of the Internal Revenue Code.

15. "Return Information" is required by Section 6103 to remain confidential and not be disclosed except as provided in Section 6103. There is no provision in Section 6103 providing for the disclosures of the return information contained in the aforementioned purported Notices of Levy In the absence of procedurally proper, valid assessments, made in full compliance with federal tax regulation 26 C.F.R. 301.6203-1, filed in the Office of the Secretary in full accordance with Internal Revenue Code section 6203. "Return Information" is broadly defined in Section 6103(b)(2) as follows:

> a taxpayer's identity, the nature, source. or amount of his income, payments, receipts, deductions, exemptions, credits, assets, *liabilities*, net worth, *tax liability*, tax withheld, deficiencies, overassessment, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition or offense ...

16. "Taxpayer identity" is broadly defined in Section 6103(b)(6) as follows:

> The term "taxpayer identity" means the name of a person with respect to whom a return is filed, his mailing address, his taxpayer identifying number (as described in section 6109), or a combination thereof.

17. The disclosures described above, in the absence of a procedurally proper, valid assessment, made in full compliance with federal tax regulation 26 C.F.R. 301.6203-1, filed in the Office of the Secretary in full accordance with Internal Revenue Code section 6203, are intentional, negligent, and/or grossly negligent disclosures of "return information" in violation of Section 6103 and for which Plaintiffs are entitled to

statutory and / or actual and punitive damages under Section 7431.

## IV

## DAMAGES

18. Internal Revenue Code section 7431 authorizes damages:

    > ...in an amount equal to the sum of—
    > (1) the greater of—
    >     (A) $1,000 for each act of unauthorized inspection or disclosure of a return or return information with respect to which such defendant is found liable, or
    >     (B) the sum of—
    >         (i) the actual damages sustained by the plaintiff as a result of such unauthorized inspection or disclosure, plus
    >         (ii) in the case of a willful inspection or disclosure or an inspection or disclosure which is the result of gross negligence, punitive damages, plus
    > (2) the costs of the action, plus
    > (3) in the case of a plaintiff which is described in section 7430 (c)(4)(A)(ii), reasonable attorneys fees, except that if the defendant is the United States, reasonable attorneys fees may be awarded only if the plaintiff is the prevailing party (as determined under section 7430 (c)(4)).

19. The reprehensible and vexatious conduct of and the illegal disclosures made by the aforementioned agent and the other agents involved herein has caused Plaintiffs substantial personal embarrassment, loss of good will, loss in credit, the extent of which at this time cannot be completely and accurately ascertained but which will be more fully known after the completion of discovery. At a minimum, defendant is statutorily liable for 1,000.00 for each unauthorized disclosure by Denise Bradley.

20. The intentionally and/or grossly negligent unlawful disclosures by agent Bradley and the other agents involved herein entitles Plaintiffs to punitive damages the extent of which at this time cannot be accurately ascertained but which will be more fully

known after the completion of discovery.

21.   Based on the unlawful disclosures, Plaintiffs contend that they are entitled to the costs of the action pursuant to Section 7431(c)(2) and (3).

**WHEREFORE**, Plaintiffs request after trial of this case that judgment be entered in their favor against the United States for actual and punitive damages, the costs of this action, expungement of the aforementioned notices and such other and further relief to which Plaintiffs are entitled.

Dated _April 06_, 2007

_Linda D. Lykens_ (signature)   _Stephen W. Lykens_ (signature)

Linda D. Lykens                              Stephen W. Lykens

### Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of Michigan, personally appeared, Linda D. Lykens and Stephen W. Lykens, known to me to be the persons whose names are subscribed to the within instrument, and acknowledged to me that they executed the same as their free act and deed.

Notary, State of Michigan: _Kari Lynn Loyd_ (signature)
My Commission expires: 4-11-2013

KARI LYNN LOYD
Notary Public, Muskegon County, Michigan
My Commission Expires 4-11-2013
Acting in the County of Muskegon

*Seal:*

(Rev. January 2001)     Department of the Treasury -- Internal Revenue Service

# Notice of Levy

| | |
|---|---|
| DATE: 05/16/2006 | TELEPHONE NUMBER OF IRS OFFICE:    SEQNUM 00538 |
| REPLY TO:<br>ACS SUPPORT - STOP 5050<br>PO BOX 219236<br>KANSAS CITY, MO 64121-9236 | TOLL FREE    1-800-829-7650<br>WI |

TO:    P      38-1627377      DPC05

HOWMET CREDIT UNION
2151 COGSWELL DR
WHITEHALL  MI
                         49461-1848519

NAME AND ADDRESS OF TAXPAYER:

LINDA D LYKENS
PO BOX 408
TWIN LAKE MI 49457-0408081

IDENTIFYING NUMBER(S):
LYKE  L  00

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040A | 12-31-2002 | $ 8,948.74 | $ 1,531.78 | $ 10,480.52 |

THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. ➡

Total Amount Due ▶ $ 10,480.52

We figured the interest and late payment penalty to    06-15-2006

Although we have told you to pay the amount you owe, it is still not paid. This is your copy of a notice of levy we have sent to collect this unpaid amount. We will send other levies if we do not get enough with this one.

**Banks, credit unions, savings and loans, and similar institutions described in Section 408(n) of the Internal Revenue Code <u>must hold your money for 21 calendar days</u> before sending it to us. They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property, credits, etc. that they have (or are already obligated for) when they would have paid you.**

If you decide to pay the amount you owe now, please **bring a guaranteed payment (cash, cashier's check, certified check, or money order)** to the nearest IRS office with form, so we can tell the person who received this levy not to send us your money. If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy. You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

Signature of Service Representative        *[signature]*        Title    **Operations Manager, Collection**

Part 3 - FOR TAXPAYER

# Notice of Levy on Wages, Salary, and Other Income

DATE: 08/21/2006

IRS ADDRESS:
ACS SUPPORT - STOP 5050
PO BOX 219236
KANSAS CITY, MO 64121-9236

AUG 2 1

TELEPHONE NUMBER OF IRS OFFICE:
TOLL FREE   1-800-829-7650
WI

SEQNUM 05880

TO:  P        41-0958036       DPC05

NAME AND ADDRESS OF TAXPAYER:

HALVOR LINES INC
PO BOX 16087
DULUTH   MN   55816-0087875

;035

LINDA D LYKENS
PO BOX 408
TWIN LAKE MI 49457-0408081

IDENTIFYING NUMBER(S):
LYKE  L  00

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040A | 12-31-2002 | $ 8,700.95 | $ 1,716.22 | $ 10,417.17 |

Employer or Other Addressee: Please complete the back of this page.

Total Amount Due ▶ $ 10,417.17

We figured the interest and late payment penalty to ___09-13-2006___

**Statement of Exemptions and Filing Status** (to be completed by taxpayer; instructions are on the back of part 5)

My filing status for my income tax return is (check one):  ☐ Single;  ☐ Married Filing a Joint Return;  ☐ Married Filing a Separate Return;  ☐ Head of Household;  or  ☐ Qualifying Widow(er) with dependent child

ADDITIONAL STANDARD DEDUCTION: _____ (enter amount only if you or your spouse is at least 65 and/or blind).

I certify that I can claim the people named below as personal exemptions on my income tax return and that none are claimed on another Notice of Levy. No one I have listed is my minor child to whom (as required by court or administrative order) I make support payments that are already exempt from levy. I understand the information I have provided may be verified by the Internal Revenue Service. Under penalties of perjury, I declare that this statement of exemptions and filing status is true.

| Name (Last, first, middle initial) | Relationship (Husband, wife, son, daughter, etc.) | Social Security Number |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Taxpayer's signature                                                Date

Part 3 - RETURN TO IRS

FORM 668-W(c) (Rev.1-01) 16748F

DATE: 01/29/2007

| | |
|---|---|
| IRS ADDRESS:<br>ACS SUPPORT - STOP 5050<br>PO BOX 219236<br>KANSAS CITY, MO 64121-9236 | TELEPHONE NUMBER  SEQNUM 04176<br>OF IRS OFFICE:<br>TOLL FREE   1-800-829-7650<br>WI |

TO:   P         41-0958036       DPC05

003697

HALVOR LINES INC
217 GRAND AVE
SUPERIOR  WI   54880

NAME AND ADDRESS OF TAXPAYER:

STEPHEN W LYKENS
PO BOX 408
TWIN LAKE MI 49457-0408081

IDENTIFYING NUMBER(S): 

LYKE  M   01

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| CIVPEN | 12-31-1999 | $ 500.00 | $ 67.57 | $ 567.57 |
| CIVPEN | 12-31-2000 | $ 500.00 | $ 67.57 | $ 567.57 |
| CIVPEN | 12-31-2001 | $ 500.00 | $ 67.57 | $ 567.57 |

Total Amount Due ▶  $  1,702.71

We figured the interest and late payment penalty to _____ 02-27-2007 _____.

Although we have told you to pay the amount you owe, it is still not paid.

This is your copy of a Notice of Levy we have sent to collect this unpaid amount. We will send other levies if we don't get enough with this one.

This levy requires the person who received it to turn over to us: (1) your wages and salary that have been earned but not paid yet, as well as wages and salary you earn in the future until this levy is released, and (2) your other income that the person has now or is obligated to pay you. These are levied to the extent they are not exempt as explained on the back of Part 5 of this form.

If you decide to pay the amount you owe now, please **bring a guaranteed payment** (cash, cashier's check, certified check, or money order) to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

**Please see the back of Part 5 for instructions.**

Signature of Service Representative

Title **Operations Manager, Collection**

Part 2 - FOR TAXPAYER

FORM 668-W(c) (Rev.1-01) 16748F