IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LINDA D. LYKENS,                          )
STEPHEN W. LYKENS,                        )
                                          )
                    Plaintiffs,           )
                                          )
          v.                              )          Civil No. 1:07-cv-00020-JDB
                                          )
UNITED STATES,                            )
                                          )
                    Defendant.            )

UNDERLINE UNITED STATES' MOTION TO DISMISS AMENDED COMPLAINT

          The United States moves to dismiss this action.  Plaintiffs' amended complaint

should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter

jurisdiction because 26 U.S.C. § 7433 of the Internal Revenue Code provides the

exclusive remedy for allegedly unauthorized or improper collection actions.  In the

alternative, Plaintiffs' complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1)

for lack of subject matter jurisdiction because Plaintiffs have failed to meet their burden

in proving exhaustion of administrative remedies as required by 26 U.S.C. § 7433(d)(1).

In the alternative, Plaintiffs' complaint should be dismissed pursuant to Fed. R. Civ. P.

12(b)(6) for failure to state a claim upon which relief can be granted because Plaintiffs

have not alleged sufficient facts upon which to posit a violation of 26 U.S.C. § 6103.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: April 19, 2007                                 Respectfully submitted,

                                                      /s/ Nicole M. Stoduto
                                                     NICOLE M. STODUTO
                                                     Trial Attorney, Tax Division
                                                     U.S. Department of Justice
                                                     Post Office Box 227
                                                     Washington, DC 20044
                                                     Telephone: (202) 616-9785
                                                     Facsimile: (202) 514-6966
                                                     Email: Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LINDA D. LYKENS, | ) | |
| STEPHEN W. LYKENS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 1:07-cv-00020-JDB |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM IN SUPPORT OF THE
UNITED STATES' MOTION TO DISMISS AMENDED COMPLAINT

This is a suit brought under 26 U.S.C. § 7431 in an attempt to recover damages allegedly caused by the Internal Revenue Service ("Service") disclosing confidential return information. Plaintiffs' amended complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

QUESTIONS PRESENTED

Section 7433(a) provides, with one exception not pertinent here, that it "shall be the exclusive remedy for recovering damages" for unauthorized or improper collection actions. 26 U.S.C. § 7433(a). Plaintiffs' unauthorized disclosure claim relates to collection actions, specifically the serving of notices of levy by the Service. Can Plaintiffs recover under 26 U.S.C. § 7431 when their claim is based on collection actions?

Section 7433(d)(1) requires the plaintiff to have "exhausted the administrative remedies available to such plaintiff" before a judgment for damages may be awarded.

26 U.S.C. § 7433(d)(1).  Plaintiffs have failed to meet their burden with respect to this requirement.  Because the exhaustion of administrative remedies is a prerequisite to this type of claim, should Plaintiffs' claim be dismissed?

Section 6103 prohibits disclosures of "return information," except as permitted by the Internal Revenue Code.  26 U.S.C. § 6103.  Pursuant to exceptions provided in section 6103, the Service is authorized to disclose return information in order to carry out the provisions of the Code relating to collection of taxes.  26 U.S.C. § 6103(k)(6).  Did the Service violate section 6103 in serving notices of levy?

STATEMENT OF FACTS

1. <u>Introduction</u>

On January 3, 2007, Plaintiff, Linda D. Lykens, acting *pro se*, filed her complaint. Plaintiff seeks to recover damages for the disclosure of return information by Service agents, both named and unnamed in the complaint.  (Compl. ¶ 1.)

On March 30, 2007, Defendant filed the United States' Motion to Dismiss.  In its motion, the United States demonstrated that Plaintiff, Linda D. Lykens' section 7431 claim must be dismissed because section 7433 of the Internal Revenue Code provides the exclusive remedy for allegedly unauthorized or improper collection actions.  The United States also demonstrated that Plaintiff, Linda D. Lykens failed to exhaust her administrative remedies as required and has not alleged sufficient facts upon which to posit a violation of 26 U.S.C. § 6103.

On April 2, 2007, the Court ordered Plaintiff to respond to the United States'
motion to dismiss.  On April 12, 2007, Plaintiffs filed an amended complaint.

 2. <u>The allegations in the amended complaint.</u>

The amended complaint joins an additional plaintiff, Stephen W. Lykens and
includes the additional allegation that the Internal Revenue Service wrongfully
disclosed Stephen W. Lykens' return information by mailing a notice of levy on or
about January 29, 2007.  (Am. Compl. ¶ 6.)  The amended complaint includes a copy of
the January 29, 2007 levy.  In all other material respects, the original complaint and the
amended complaint are identical.

 3. <u>The present action for "wrongful disclosure" under section 7431.</u>

Plaintiffs argue that Service agents caused notices of levy to be served on
Howmet Credit Union and Halvor Lines, Inc.  (<u>Id.</u> at ¶¶ 4, 5, 6 Attachments.)  Plaintiffs
allege that the notices of levy wrongfully disclosed tax return information, and that this
disclosure caused Plaintiffs substantial mental and emotional distress and subjected
them to the possibility of identity theft.  (<u>Id.</u> at ¶¶ 7, 8, 9.)

Plaintiffs base their cause of action in 26 U.S.C. § 7431, which they maintain
provides taxpayers with a cause of action for statutory and/or actual and punitive
damages against the United States in the event that a Service agent makes any unlawful
disclosure of return information in violation of 26 U.S.C. § 6103.  (<u>Id.</u> at ¶ 14.)

4.  The prior action for "wrongful collection" under section 7433

Plaintiffs have also filed a separate suit against the United States under the

authority of 26 U.S.C. § 7433 (hereinafter Plaintiffs' section 7433 suit).  Plaintiffs' section

7433 suit alleges a variety of forms of misconduct by the Service and challenges the

collection activity and validity of the assessments made against them.  Lykens v. United

States, No. 06-1226 (D.D.C. filed July 6, 2006).[1]  Plaintiffs' section 7433 complaint also

alleges wrongful disclosure of return information, and seeks damages.  (Id.)  In that

complaint, Plaintiffs acknowledge that 26 U.S.C. § 7433 is their exclusive remedy.  (Id. ¶

6, 16.)

Plaintiffs' section 7433 suit was dismissed November 27, 2006.  Lykens v. United

States, No. 06-1226, 2006 U.S. Dist. LEXIS 85426 (D.D.C. Nov. 27, 2006).  On April 9,

2007, Plaintiffs filed a motion for relief from the order for dismissal.  The Court has not

ruled on this motion.

ARGUMENT

**I.  Standard of Review**

When determining a motion to dismiss for lack of subject matter jurisdiction

under Fed. Civ. P. 12(b)(1), the court must give the plaintiff's factual allegations close

scrutiny because the plaintiff has the burden of proof to establish jurisdiction.  See, e.g.,

Macharia v. United States, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); Grand Lodge of Fraternal

---

[1] The United States asks that the Court take judicial notice of the information contained in this complaint.  Upon request, a court will take judicial notice of its own files.  Fed. R. Evid. 201(d); Hinton v. Stein, 278 F. Supp. 2d 27, 29 (D.D.C. 2003).

Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). This scrutiny permits the court to consider material outside of the pleadings in its effort to determine whether it has jurisdiction. See, e.g., Cronauer v. United States, No. 04-1355, 2006 WL 2708682, at *2 (D.D.C. Sept. 20, 2006) citing EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 625 n.3 (D.C. Cir. 1997); Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir. 1992).

When determining a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), the court must view all of the allegations and facts in the complaint in a light most favorable to the plaintiff, and must grant the plaintiff the benefit of all inferences that can be derived from those facts. See Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004). However, the court need not accept as true legal conclusions couched as a factual allegations, inferences, or conclusory allegations that are unsupported by facts set forth in the complaint. See Trudeau v. Fed. Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006); Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## II.  Section 7433 Is Plaintiffs' Exclusive Remedy

Plaintiffs' section 7431 claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because section 7433 of the Internal Revenue Code provides the exclusive remedy for allegedly unauthorized or improper collection actions, and this Court therefore lacks subject matter jurisdiction over this claim. Disclosures of return

information allegedly made in the course of collection actions are subsumed within this exclusive remedy.

Section 7433(a) provides:

If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in Section 7432, such civil action <u>shall be the exclusive remedy for recovering damages resulting from such actions</u>.

26 U.S.C. § 7433(a) (emphasis added). By its own terms, the statute is the "exclusive remedy" for the violation of "any provision of this title" that occurs in the course of federal tax collection. <u>Id.</u> Congress provided only one exception to section 7433's exclusivity, and that is section 7432. <u>Id.</u>

Section 7431 was added to the Internal Revenue Code six years before section 7433, and Congress must necessarily have been aware of section 7431 when it enacted section 7433. <u>Cf</u>. <u>Miles v. Apex Marine Corp.</u>, 498 U.S. 19, 32 (1990) ("We assume that Congress is aware of existing law when it passes legislation."). Had Congress intended section 7431 to be an alternative or supplemental remedy to an action within the purview of section 7433, Congress would have included section 7431 as an exception along with section 7432. <u>Cf</u>. <u>Connecticut Nat'l Bank v. Germain</u>, 503 U.S. 249, 253-54 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.").

- 6 -

The legislative history of section 7433 further supports the conclusion that Congress intended the statute to be the exclusive avenue of redress for all unauthorized collection actions.  See Glass v. United States, ___ F. Supp. 2d. ___, No. 06-1619, 2007 WL 902074, at *2 (D.D.C. Mar. 27, 2007);  Evans v. United States, ___ F.  Supp. 2d. ___, No. 06-1713, 2007 WL 869039, at *3 (D.D.C. Mar. 21, 2007); Koerner v. United States, 471 F. Supp. 2d. 125, 227 (D.D.C.  2007).  The legislative history provides that "an action brought under this provision [section 7433] shall be the exclusive remedy for recovering damages resulting from reckless or intentional disregard of a provision of the Internal Revenue Code, or a regulation promulgated thereunder, by an IRS employee engaged in the collection of any Federal tax."  H.R. REP. NO. 100-1104, at 228-290 (1988), reprinted in 1988 U.S.C.C.A.N. 4515, 5288-89.

Judicial precedent also supports the exclusivity of section 7433.  In Shwarz v. United States, the Ninth Circuit held that section 7433 is the exclusive remedy for alleged unauthorized disclosures of tax return information that occur in the course of collection activity, and barred a claim under section 7431 in such a case.  Shwarz v. United States, 234 F.3d 428 (9th Cir. 2000).  In Shwarz, the plaintiffs claimed that Service employees made unauthorized disclosures when a revenue officer filed an allegedly false declaration in support of an application to enter plaintiffs' place of business to effect a levy and when revenue officers posted seizure notices at plaintiffs' place of business.  Id.  Because the alleged unauthorized disclosures occurred in connection with tax collection activities, the court ruled that the suit had to proceed under section 7433

and not section 7431.  Id.  See also Elias v. United States, No. 90-0432, 1990 WL 264722, at *9 n.7 (C.D. Cal. Dec. 21, 1990) (noting that due to the then-recent enactment of section 7433, Congress did not intend for section 7431 suits to be maintained in situations arising from tax collection activities), aff'd mem., 974 F.2d 1341 (9th Cir. 1992).

This Court recently concurred in the holding in Shwarz and the exclusivity of section 7433.  Glass v. United States, ___ F.  Supp. 2d. ___,  No. 06-1619, 2007 WL 902074, at *2 (D.D.C. Mar. 27, 2007) ("§ 7433 bars claims under § 7431 when the alleged IRS disclosures involve federal tax collection activity"); Powell v. United States, ___ F. Supp. 2d. ___, No. 06-1860, 2007 WL 853129, at *1 (D.D.C. Mar. 21, 2007) ("[G]iven the plain language of § 7433 (which was added after § 7431 was enacted) the Court concludes that the statute provides the sole remedy for claims of unauthorized disclosure made in the court of collection activity."); Evans v. United States, ___ F. Supp. 2d. ___, No. 06-1713, 2007 WL 869039, at *3 (D.D.C. Mar. 21, 2007) ("§ 7433 bars a claim under § 7431 where the alleged IRS disclosure is 'in connection with any collection of Federal tax.'"); Koerner v. United States, 471 F. Supp. 2d. 125, 127 (D.D.C. 2007) ("Accordingly, § 7433 is plaintiffs' only possible avenue of recourse and the Court lacks subject matter jurisdiction to hear plaintiffs' claims under § 7431."); Ross v. United States, 460 F. Supp. 2d 139, 139 (D.D.C. 2006) ("This Court...concludes that, based on the plain language of section 7433(a) and its legislative history, section 7433 bars plaintiffs' claim for damages to the extent plaintiffs seek such relief under [other

statutes].").  Additionally, Plaintiffs acknowledged that section 7433 is their exclusive remedy in their section 7433 suit.  <u>Lykens v. United States</u>, No. 06-1226 (D.D.C. filed July 6, 2006).

Plaintiffs' unauthorized disclosure claim relates to notices.  Chapter 64 of the Internal Revenue Code addresses the issue of collection, and section 6331 contained therein provides for the serving of notices of levy.  Accordingly, Plaintiffs' unauthorized disclosure claim relates to the Service's collection activities.  <u>See</u> <u>Opdahl v. United States</u>, No. 98-0262, 2001 U.S. Dist. LEXIS 14098 (D.D.C. Aug. 16, 2001) (stating that the serving of notices of levy is a collection activity).

Because section 7433 is the exclusive remedy for unauthorized collection activities, this Court lacks subject matter jurisdiction, and the claim should be dismissed under Fed. R. Civ. P. 12(b)(1).  To hold otherwise would enable a taxpayer, whose return information was disclosed as part of collection activity, to recover damages under both sections 7431 and 7433, or to elect the more favorable scheme of relief, depending on the alleged violation.  Congress' intent was not to allow a taxpayer to receive double recovery for the same conduct or to shop for the more favorable remedial scheme.

### III.  Plaintiffs' Claim Is Barred Because the Requirements of Section 7433 Have Not Been Met

Assuming arguendo that Plaintiffs had properly brought their suit pursuant to section 7433, the Court should nonetheless dismiss Plaintiffs' amended complaint because the requirements of section 7433 have not been met.

It is well settled that the United States is immune from suit, unless its sovereign immunity has been waived.  Kentucky v. Graham, 473 U.S. 159, 165-67 (1985); Lehman v. Nakshian, 453 U.S. 156, 160 (1981); United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Shaw, 309 U.S. 495, 500-01 (1940).  It is also fundamental that where the sovereign has waived immunity, no suit can be maintained unless it is in exact compliance with the terms of the statute under which the sovereign has consented to be sued.  United States v. Nordic Village, Inc., 503 U.S. 30 (1992); United States v. King, 395 U.S. 1, 4, 89 (1969); United States v. Sherwood, 312 U.S. 584, 596 (1947).

Under section 7433(d)(1), prior to bringing suit in federal district court for damages, taxpayers must exhaust their administrative remedies.  26 U.S.C. § 7433(d)(1).  "A judgment for damages shall not be awarded under [section 7433] subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."  Id.

The Secretary of the Treasury of the United States has promulgated regulations governing the administrative claim for damages under section 7433.  26 C.F.R. § 301.7433-1(e).  The regulations provide that --

> An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages...shall be sent in writing to the Area Director, Attn; Compliance Technical Support Manager of the area in which the taxpayer currently resides.

Id.  The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives, and such claim must include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the

taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonable foreseeable; and (4) the signature of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2).  Failure to comply with this regulation deprives a court of jurisdiction.  See Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte v. United States, 979 F.2d 1375 (9th Cir. 1992); Glass v. United States, 424 F. Supp. 2d 224, 227 (D.D.C. 2006); McGuirl v. United States, 360 F. Supp. 125 (D.D.C. 2004).

"In a § 7433 action, the plaintiffs bear 'the burden of demonstrating an explicit waiver of the government's sovereign immunity from suit.'" Holt v. Davidson, 441 F. Supp. 2d 92, 96 (D.D.C. 2006) (citing People of Cal. ex. rel. Ervin v. Dist. Dir., 170 F. Supp. 2d 1040, 1048 (E.D. Cal. 2001)).  In the instant matter, Plaintiffs make no assertions concerning their pursuit of administrative remedies, therefore Plaintiffs have not met their burden in proving exhaustion of administrative remedies.  In Plaintiffs' 7433 suit, their complaint was dismissed for failure to exhaust administrative remedies under 26 C.F.R. § 301.7433-1(e).  Lykens v. United States, No. 06-1226, 2006 U.S. Dist. LEXIS 85426, at *16 (D.D.C. Nov. 27, 2006).  As a result, Plaintiffs have not adequately met their burden in alleging that the United States has unequivocally waived its sovereign immunity, therefore this Court does not have jurisdiction over this claim and should dismiss the amended complaint.[2]

_____

[2] There is conflicting case law in the Court concerning whether the failure to exhaust administrative remedies under section 7433 should be analyzed as a jurisdictional issue under Fed. R. Civ. P. 12(b)(1) or as a failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Compare Turner v. United States, 429 F. Supp. 2d 149, 154 (D.D.C. 2006); Ross v. United States, 460 F. Supp. 2d 139, 139 (D.D.C. 2006) with

### IV.  Plaintiffs Fail to State a Claim Because There Was No Unlawful Disclosure

Even if this case were properly before the Court under 26 U.S.C. §§ 7431 or 7433,

Plaintiffs have not alleged sufficient facts upon which to posit a violation of 26 U.S.C. §

6103, and therefore the matter should be dismissed under Fed. R. Civ. P. 12(b)(6).

Section 7431 provides civil damages when there is a negligent or willful violation

of section 6103, other than in the collection process.  26 U.S.C. § 7431.  Section 7433

protects taxpayers from negligent or intentional violations of section 6103, *inter alia*, in

the collection process.  26 U.S.C. § 7433.  Section 6103(a) is a general taxpayer privacy-

protection statute, and states the general rule that return information shall be

confidential, and that, except as authorized, such information shall not be disclosed.

Church of Scientology of California v. Internal Revenue Service, 484 U.S. 9, 10 (1987);

see also Koerner v. United States, 471 F. Supp. 2d 125, 128 (D.D.C. 2007) ("[N]ot all

disclosures of tax return information violated § 6103.").  The Internal Revenue Code

---

Davenport v. United States, 450 F. Supp. 2d 96, 97 n.1 (D.D.C. 2006); Radcliffe v. United States, 453 F. Supp. 2d 101, 101 n.2, 103 (D.D.C. 2006); McGuirl v. United States, 360 F. Supp. 2d 125, 128 (D.D.C. 2004); aff'd, 2005 WL 3781733 (D.C. Cir. 2005).  It is the position of the United States that, as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion under section 7433 is by definition a part of the court's jurisdiction to entertain the suit.  However, because the instant matter was brought pursuant to section 7431 rather than section 7433, and the basis of dismissal for failure to exhaust administrative remedies under section 7433 is only an ancillary issue, the United States respectfully moves to dismiss the action pursuant to 12(b)(1), or in the alternative, 12(b)(6).  Ross v. United States, 460 F. Supp. 2d 139, 139 (D.D.C. 2006) ("Thus, the Court will consider defendant's request, in the alternative, to dismiss plaintiffs' section 7433 claim under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.").

contains a number of specific and several general exceptions to this rule of non-

disclosure.  Specifically, section 6103(k)(6) provides:

> An internal revenue officer or employee may, in connection with his official
> duties relating to any...collection activity...disclose return information to the
> extent that such disclosure is necessary in obtaining information, which is not
> otherwise reasonably available...with respect to the enforcement of any other
> provisions of this title.  Such disclosures shall be made only in such situations
> and under such conditions as the Secretary may prescribe by regulation.

26 U.S.C. § 6103(k)(6).

The Secretary of the Treasury has promulgated regulations enumerating the

specific circumstances under which disclosures may be made pursuant to section

6103(k)(6).  Because section 6103(k)(6) directs the Secretary of the Treasury to

promulgate regulations controlling the situations and conditions under which

disclosure is permitted, the resulting regulations are so-called "legislative regulations,"

and are entitled to special deference from the courts.  See, e.g., Chrysler Corp. v. Brown,

441 U.S. 281, 301-03 (1979).  Regulation 301.6103(k)(6)-1T(a) states:

> [A]n internal revenue employee...in connection with the performance of official
> duties relating to any...collection activity...may disclose return information of
> any taxpayer, to the extent necessary to obtain information relating to such
> official duties, including, but not limited to-
> (vi) Establishing or verifying the financial status or condition and location of the
> taxpayer against whom collection activity is or may be directed...or otherwise to
> apply the provisions of the Internal Revenue Code relating to establishment of
> liens against such assets, or levy, seizure, or sale on or of the assets to satisfy any
> such liability.

26 C.F.R. § 301.6103(k)(6)-1T(a) (2003).  See also 26 C.F.R. § 301.6331-1 (setting forth

proper procedure for serving notices of levy).

- 13 -

Section 6103(k)(6) and the pertinent regulations "plainly indicate that disclosure of return information necessary to accomplish collection activities, including the service of levies..., is exempt from the general disclosure prohibition of Section 6103(a)." Elias v. United States, No. 90-0432, 1990 WL 264722, at *5 (C.D. Cal. Dec. 21, 1990), aff'd mem., 974 F.2d 1341 (9th Cir. 1992); see also, Long v. United States, 972 F.2d 1174, 1180 (10th Cir. 1993) ("6103(k)(6) authorizes an IRS employee to disclose tax return information in the issuance of liens and levies."); Mann v. United States, 204 F.3d 1012, 1018 (10th Cir. 2000) ("6103(k)(6) and the relevant regulations do permit disclosure of tax return information when made in notices of lien and levy."); Opdahl v. United States, No. 98-0262, 2001 U.S. Dist. LEXIS 14098, at *6-7 (D.D.C. Aug. 16, 2001) ("Federal courts have held that disclosure of return information in notices of levy is 'necessary to the collection activity' and thus falls within the § 6103(k)(6) exemption. The limited information concerning plaintiff's tax deficiencies included in the notice of lien and levies was 'necessary to the collection activity' and did not violate 26 U.S.C. § 7431.") (internal citations omitted). This Court has recently upheld this argument in a case nearly identical to the present one, and held that "under § 6103(k)(6) and related Treasury regulations, plaintiffs have failed to state a claim under § 7431." Koerner v. United States, 471 F. Supp. 2d. 125, 129 (D.D.C. 2007).

In the instant case, it cannot be disputed that the notices of levy were served in connection with the official duties of the Service in attempting to collect Plaintiffs' tax liabilities. The actions of the Service agents in this case properly fall under the

protection of section 6103(k)(6), therefore there can be no liability under sections 7431 or 7433. As a result, Plaintiffs' amended complaint should be dismissed.

Plaintiffs' amended complaint asserts that the notices of levy were served "in amounts for which defendant has been unable to produce evidence of lawful assessment" and "[i]n the absence of a procedurally proper, valid assessment." (Am. Compl. ¶¶ 4, 5, 6, 7.) Sections 7431 and 7433 do not address the legitimacy of the collection process, and "whether a disclosure is authorized under § 6103 is in no way dependent upon the validity of the underlying [assessment], summons, lien or levy." Elias v. United States, No 90-0432, 1990 WL 264722 (C.D. Cal. Dec. 21, 1990). See also Mann v. United States, 204 F.3d 1012, 1020 (10th Cir. 2000) ("We...agree with...the majority of courts which have considered the issue that there is nothing in § 6103 which requires that the underlying means of disclosure be valid before the safe harbor of § 6103(k)(6) applies."); Wilkerson v. United States, 67 F.3d 112, 116 (5th Cir. 1995) ("The plain language of the Internal Revenue Code supports the...contention that the validity of the underlying collection activity is irrelevant in determining whether a disclosure is wrongful."); Venen v. United States, 38 F.3d 100, 106 (3d Cir. 1994) ("[T]he propriety of the underlying collection action...is irrelevant to whether disclosure is authorized under section 6103."); Bleavins v. United States, 807 F. Supp. 487, 489 ("[Section] 7431 does not apply to disputed merits of an assessment; it only addresses civil damages for disclosure violations of § 6103."), aff'd 998 F.2d 1016 (7th Cir. 1993) (table); Tomlinson v. United States, No. 89-1518, 1991 U.S. Dist. LEXIS 12631, at *7 (W.D. Wash. Aug. 20,

1991) (adopting the position that the validity of the underlying assessment is immaterial to the propriety of disclosures of return information in serving levies), aff'd 977 F.2d 591 (9th Cir. 1992); Flippo v. United States, 670 F. Supp. 638, 643 (W.D.N.C. 1987) ("As a threshold matter the validity of the underlying lien and levy is wholly irrelevant to the disclosure issue."), aff'd 849 F.2d 604 (4th Cir. 1988).

At any rate, the Service did in fact make proper assessments against Plaintiffs as evidenced by the notices of levy. (Am. Compl. ¶¶ 4, 5, 6 Attachments.) The assessments recorded and reflected in the notices of levy constitute admissible evidence of the fact of the assessments. Fed. R. Evid. 803(15). See also G.M. Leasing Corp. v. United States, 514 F.2d 935, 941 & n.5 (10th Cir. 1975) (accepting notice of levy as acceptable proof of assessment), rev'd on other grounds, 429 U.S. 338 (1997). Additionally, "assessments for unpaid taxes are normally entitled to a presumption of correctness so long as they are supported by a minimal factual foundation." Palmer v. United States, 116 F.3d 1309, 1312 (9th Cir. 1997) (internal citations omitted). Therefore, Plaintiffs' claim of invalid assessments is unconvincing, and, in any event, has no relevance to the question of allegedly unauthorized disclosure under section 6103.

In sum, Plaintiffs have not alleged sufficient facts upon which to posit a violation of 26 U.S.C. § 6103, and therefore the matter should be dismissed under Fed. R. Civ. P. 12(b)(6).

CONCLUSION

Plaintiffs' exclusive remedy is found in section 7433, therefore the amended

complaint should be dismissed.  In the alternative, Plaintiffs have not exhausted their

administrative remedies under the Code, therefore the amended complaint should be

dismissed.  In the alternative, there has been no violation of section 6103, and Plaintiffs'

claim of an invalid assessment does not change this result, therefore the amended

complaint should be dismissed.

DATE: April 19, 2007                        Respectfully submitted,


 /s/ Nicole M. Stoduto
NICOLE M. STODUTO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 616-9785
Facsimile: (202) 514-6966
Email: Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LINDA D. LYKENS,                    )
STEPHEN W. LYKENS,                  )
                                    )
               Plaintiffs,          )
                                    )
          v.                        )          Civil No. 1:07-cv-00020-JDB
                                    )
UNITED STATES,                      )
                                    )
               Defendant.           )

NOTICE OF RELATED CASES

Save for the identity of the plaintiffs, the complaints in the following cases are nearly identical to that filed in this matter:

1. Grant North v. United States, Civil No. 1:06-cv-1516-EGS

2. Robert J. & Lisa L. Welzel v. United States, Civil No. 1:06-cv-1580-RBW

3. Will H. & Mary Catherine LaRue v. United States, Civil No. 1:06-1495-RBW

4. LaVern & William S. Koerner v. United States, Civil No. 1:06-cv-1633-ESH

5. Stephen J. and Patricia Lindsey v. United States, Civil No. 1:06-cv-1409-RBW

6. Rebekah H. Miller v. United States, Civil No. 1:06-cv-1525-RMU

7. Roy A. Watson v. United States, Civil No. 1:06-cv-1594-EGS

8. Bruce R. Travis v. United States, Civil No. 1:06-cv-1584-RCL

9. Paul B. Evans v. United States, Civil No. 1:06-cv-1713-JDB

10. Mary H. & Robert W. Rhodes, III v. United States, Civil No. 1:06-cv-1840-EGS

11. Rudolf & Glenda Luscher v. United States, Civil No. 1:06-cv-1617-PLF

12. Eleanor M. Glass v. United States, Civil No. 1:06-cv-1619-ESH

13. Colby Dill v. United States, Civil No. 1:06-cv-1557-HHK

14. Lowell Martin v. United States, Civil No. 1:06-cv-1624-JDB

15. Jack D. Thrasher v. United States, Civil No. 1:06-cv-1623-GK

16. Norman E. & Carole M. Curfman v. United States, Civil No. 1:06-cv-1987-RMC

17. Stephen P. Foryan v. United States, Civil No. 1:06-cv-1947-RBW

18. James T. O'Connor v. United States, Civil No. 1:06-cv-1891-HHK

19. Jimmie D. & Pamela A. Ross v. United States, Civil No. 1:06-cv-1774-HHK

20. Lee F. Garvin v. United States, Civil No. 1:06-cv-1735-RBW

21. Thomas Powell v. United States, Civil No. 1:06-cv-1860-RJL

22. Manfred R. & JoAnn Stockwell v. United States, Civil No. 1:06-cv-1517-ESH

23. Thomas & Doris Moorhouse v. United States, Civil No. 1:06-cv-2152-EGS

24. Don & Beverly Ahrens v. United States, Civil No. 1:07-cv-35-RMU

25. Edward J. Link v. United States, Civil No. 1:o6-cv-2113-GK

DATE: April 19, 2007                          Respectfully submitted,

                                              /s/ Nicole M. Stoduto
                                              NICOLE M. STODUTO
                                              Trial Attorney, Tax Division
                                              U.S. Department of Justice
                                              Post Office Box 227
                                              Washington, DC 20044
                                              Telephone: (202) 616-9785
                                              Facsimile: (202) 514-6966
                                              Email: Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LINDA D. LYKENS, | ) | |
| STEPHEN W. LYKENS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 1:07-cv-00020-JDB |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

O R D E R

Having considered the United States' motion to dismiss amended complaint,

memorandum in support thereof, and any oppositions and replies thereto, the Court

concludes that the motion ought to be granted.  Accordingly, it is this _____ day of

_____, 2007, at Washington, District of Columbia,

ORDERED that the United States' motion to dismiss amended complaint be and is

GRANTED;

ORDERED that Plaintiffs' amended complaint be and is DISMISSED WITH

PREJUDICE, and it is further

ORDERED that the clerk shall distribute conformed copies of this order to the

parties and representatives of the parties listed below.


_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

NICOLE M. STODUTO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 616-9785
Facsimile: (202) 514-6966
Email: Nicole.M.Stoduto@usdoj.gov

LINDA D. LYKENS
Plaintiff *Pro Se*
P.O. Box 408
Twin Lake, MI 49457

STEPHEN W. LYKENS
Plaintiff *Pro Se*
P.O. Box 408
Twin Lake, MI 49457

- 2 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LINDA D. LYKENS,                          )
STEPHEN W. LYKENS,                        )
                                          )
                    Plaintiffs,           )
                                          )
          v.                              )          Civil No. 1:07-cv-00020-JDB
                                          )
UNITED STATES,                            )
                                          )
                    Defendant.            )

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS

AMENDED COMPLAINT, MEMORANDUM, proposed ORDER, and NOTICE OF

RELATED CASES were caused to be served upon Plaintiffs *pro se* on the 19th day of

April, 2007, by depositing a copy in the United States' mail, postage prepaid, addressed

as follows:

> LINDA D. LYKENS
> Plaintiff *Pro Se*
> P.O. Box 408
> Twin Lake, MI 49457
>
> STEPHEN W. LYKENS
> Plaintiff *Pro Se*
> P.O. Box 408
> Twin Lake, MI 49457

                                          /s/ Nicole M. Stoduto
                                          NICOLE M. STODUTO