# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Linda D. Lykens,
Stephen W. Lykens,
Plaintiff,

No. 1:07-cv-00020 (JDB)

v.

OPPOSITION TO MOTION TO DISMISS

UNITED STATES,

Defendant.

## OPPOSITION TO MOTION TO DISMISS

Defendant, through Counsel, has moved to dismiss the Amended complaint in the above captioned action for lack of subject matter jurisdiction, and failure to state a claim upon which relief can be granted. Defendant's motion fails on both grounds, as follows:

## JURISDICTION IS PROPER

Clearly, the Court has subject matter jurisdiction of over the instant action, which is brought under Title 26 U.S.C. Section 7431(a)(1). Counsel's contrary arguments are groundless and her opinions regarding whether or not both §7431 and §7433 should be available to Plaintiffs are unpersuasive and irrelevant. Absent action from Congress, the presumption that Congress intended both §7431 and §7433 to coexist and be available to taxpayers must prevail.

RECEIVED
MAY 7 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PLAINTIFF CLEARLY STATES A CLAIM UPON WHICH CAN BE GRANTED

Counsel incorrectly argues that Plaintiffs failed to state a claim. Plaintiffs have adequately alleged violations of specific sections of the Internal Revenue Code. Moreover, Plaintiffs are

suing under 26 U.S.C. 7431, and as such, Plaintiffs are not required to submit an administrative claim to defendant's agency, the IRS. That Counsel does not comprehend, or simply disagrees with Congress as to the coexistence and availability of §7431 and §7433 is irrelevant. Counsel is without the power or authority to effect or amend such legislation.

## QUESTION PRESENTED

Can Counsel for the defendant, through her intentional misreading, mischaracterization, and misrepresentation of the case at bar, effect a stealth repeal of a statute enacted by Congress?

## DISCUSSION

Congress is fully aware of the existence and availability of both §7431 and §7433. Further, Congress has not seen fit to repeal §7431, thus, as intended by Congress, both §7431 and §7433 are available to taxpayers. §7431 was added as Pub. L. 97–248, title III, § 357(a), Sept. 3, 1982, 96 Stat. 645, and has been amended 5 times since its enactment. Three of the aforementioned amendments occurred after §7433 was added. Such a history clearly proves that Congress had ample opportunity to consider §7431 and §7433 on several occasions. Congress's intent that §7431 and §7433 be construed separately is most notably found in the fact that both provisions were last amended in the IRS Restructuring and Reform Act of 1998; §§ 3101(f) and 6012(b)(3) of Pub. L. 105–206. Said amendment actually strengthened and expanded the scope of §7431 at the same time that § 3102 added a provision regarding negligence to §7433.

Counsel is strongly in favor of *somehow*[1] persuading the Court to dismiss Plaintiff's §7431 action, and clearly disagrees with Congress as to the availability of §7431. Counsel argues

[1] Counsel's "CONCLUSION" (Def's Mem. pg 17) actually proffers three alternatives questionably in support of her motion to dismiss.

(Def.'s Mem. pg 9 ¶ 3) "To hold otherwise would enable a taxpayer, whose return information was disclosed as part of collection activity, to recover damages under both sections 7431 and 7433, or to elect the more favorable scheme of relief, depending on the alleged violation." Congress, however has chosen to leave §7431 available to taxpayers. Plaintiffs respectfully contend that the instant matter is properly brought under §7431, a statute made available by Congress to allow suits for unauthorized disclosure. Plaintiffs are availing themselves to §7431 exactly as Congress intended.

Counsel's voluminous case citations are unpersuasive and certainly not precedent. As detailed in 18 Moore's Federal Practice § 134.02[1][d] ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."); and *Northwest Forest Resource Council v. Dombeck*, 107 F.3d 897, 900 (D.C. Cir. 1997). Counsel's citations regarding §7431 carry even less weight when contained, as they are by Counsel, in an argument which fluctuates between (dubiously) addressing the instant matter and a very obvious desire to convince the Court the instant matter should somehow be converted to a §7433 action. Counsel argues strenuously for the conversion of the instant matter into a §7433 action, rather than addressing the case at bar.

Counsel's citations of §7433 cases, and her opinions thereof, are completely immaterial in regards to this Plaintiffs' §7431 action. Moreover, Counsel seeks not only to convert Plaintiffs' action, Counsel also seeks to convert the Court into a legislative forum. In the case of §7431 and §7433, Congress has already legislated their intent into the Law and subsequent amendments. Plaintiffs respectfully submit that Title 26 U.S.C. §7431 must be available to Plaintiffs as Congress intended. Attempts, such as Counsel's, to use the Courts as legislative forums, have been struck down by the Supreme Court on several occasions.

The Supreme Court, in Holmes v. Securities Investor Protection Corp., 503 U.S. 258 (1992), had this to say regarding attempts to restrict the scope of that which Congress has enacted:

We expressly acknowledged that "if Congress had legislated the elements of a private cause of action for damages, the duty of the Judicial Branch would be to administer the law which Congress enacted; the Judiciary may not circumscribe a right which Congress has conferred because of any disagreement it might have with Congress about the wisdom of creating so expansive a liability." Emphasis added

Such a mandate from the Supreme Court bears heavily against Counsel's invitation to the Court to somehow legislate away that which Congress has put into Law.

Further, in *United States* v. *Turkette,* 452 U.S. 576, 587 (1981), the Supreme Court opined:

"That being the case, the courts are without authority to restrict the application of the statute."

Thus, Counsel's attempt to convert the Court into a legislative forum fails.

## COUNSEL CLAIMS KNOWLEDGE OF CONGRESS' INTENT

Counsel boldly asserts, "Congress' intent was not to allow a taxpayer to receive double recovery for the same conduct or to shop for the more favorable remedial scheme." (Def's Mem pg 9 ¶ 3) This assertion of knowledge by Counsel runs afoul of her apparent inability to comprehend the fact that Congress clearly intends both §7431 and §7433 remain available to taxpayers. As detailed in the legislative history of §7431, above, Congress has had many opportunities to amend or repeal §7431, but has instead strengthened said provision. The conspicuous presence of §7431 and its history of surviving legislative review is a clear indication Congress intends both §7431 and §7433 to remain available to taxpayers. Despite Counsel's claim to be knowledgeable of Congress' intent, she appears confused and, or unwilling to accept Congress' true intent.

## COUNSEL'S "EXHAUSTION" ARGUMENT IS UNAVAILING

Counsel argues vehemently that the Court should mis-treat the instant action as one brought under §7433, and dismiss same for failure to exhaust administrative remedies. Even if construed as a §7433 action, Plaintiffs' complaint cannot properly be dismissed for failure to exhaust administrative remedies, or failure to plead exhaustion of such administrative remedies.

## QUESTION PRESENTED

Is the Court bound by Supreme Court jurisprudence and decisional authority?

The question(s) of exhaustion of administrative remedies were recently decided by the Supreme Court. The Honorable Roberts C.J. decided in *Jones v. Bock* (Nos. 05-7058 and 05-7142) __ U.S. _____ (January, 2007), that failure to exhaust remedies is no basis for dismissal, but is, rather, an affirmative defense. Citing Fed.R.Civ.P 8 (plain and simple statement of the claim), and *Conley v. Gibson* 355 U.S.41, 47 (1957) (as have many of the post-*Arbaugh* dismissals), the *Jones* Court established that a statute must clearly require a Plaintiff to plead exhaustion of remedies before a lower court can impose such a requirement.

Notably, the current (and, therefore, only applicable) incarnation of the Taxpayer's Bill of Rights, TBOR III, imposes no such "plead exhaustion" language. The explicit language of TBOR III, taken together with the fact the *Jones* Court established "failure to exhaust" is an affirmative defense, is more than sufficient to defeat Counsel's "exhaustion" argument. Knowing full well that affirmative defenses are factual matters within the province of, and which must be sanctioned by, the jury, Counsel's use of such a failed argument in a pretrial motion should be seen by the Court as unethical and intentionally misleading. Counsel's "exhaustion" argument in the context of a pretrial motion fails as superseded by Supreme Court decisional authority.

Defense Counsel boldly asserts, via footnote, (Fnt. #2 pg 12) "It is the position of the United States that, as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion under section 7433 is by definition a part of the court's jurisdiction to entertain the suit." This assertion by defendant is in direct contradiction to the aforementioned Supreme Court ruling in *Jones v. Bock.* Notwithstanding the defendant's vehement disagreement with the High Court, the Department of Justice Tax Division and this Court remain bound by Supreme Court precedent. As such, "...the position of the United States..." regarding "...administrative exhaustion..." is irrelevant. The matter of exhaustion of administrative remedies is unquestionably a settled issue.

**COUNSEL'S "NOTICE OF RELATED CASES"**

Included in Counsel's mailing was a document entitled "Notice of Related Cases". Plaintiffs are not familiar with the cases listed upon Counsel's "Notice". However, such a "Notice" appears to be an admission that the wrongdoing complained of by Plaintiffs is far more prevalent than Plaintiffs had imagined. Specifically, defendant, by and with the assistance of Counsel, raised the issue that the allegations in the instant case are similar, if not identical, to twenty-five other cases filed to this Court.

Plaintiffs, concerned only with the instant case, assert that any alleged similarity to other cases is irrelevant in respect of the instant case, and draws the Court's attention to the fact that the alleged redundancy of such allegations, especially in the numbers asserted by Counsel, strongly indicates a pattern of unlawful activity on the part of defendant's agency, as contemplated in the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961(5):

> (5) "pattern of racketeering activity" requires at least two acts of racketeering activity[2], one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity

Acts generally complained of by Plaintiffs in the instant case arguably include, or necessarily lead, if true, to the requisite two (2) acts listed in 18U.S.C. § 1961(1), such as 1) extortion, by way of levying and, or encumbering Plaintiffs' property and offering Plaintiffs release of such levy and, or encumbrance only upon payment of un-assessed amounts, and acts indictable under 18 U.S.C. § 1028 and §1341, if committed by any other person, 18 U.S.C. § 1961(3) or enterprise 18 U.S.C. § 1961(4).

## PLAINTIFFS SPECIFICALLY REFUTE COUNSEL'S ASSERTIONS

Counsel's assertion (Def's Mem. pg 16 ¶ 2) that "...the Service did in fact make proper assessments against Plaintiffs..." is specifically rebutted. Further, Counsel's citation of *Palmer*, "assessments for unpaid taxes are normally entitled to a presumption of correctness so long as they are supported by a minimal factual foundation." is unpersuasive in that Plaintiffs have requested, via the FOIA, evidence (minimal factual foundation) of proper assessment(s), and defendant's agency, the IRS has failed to produce such evidence.

---

[2] As used in Title 18, Chapter 96- (1) "racketeering activity" means (A) any act or threat involving...extortion; (B) any act which is indictable under ... title 18, United States Code: section 1028 (relating to fraud and related activity in connection with identification documents), section 1341 (relating to mail fraud),section 1343 (relating to wire fraud), section 1344 (relating to financial institution fraud), section1503 (relating to obstruction of justice), section 1510 (relating to obstruction of criminal investigations), section 1511 (relating to the obstruction of State or local law enforcement),section 1512 (relating to tampering with a witness, victim, or an informant), section 1513(relating to retaliating against a witness, victim, or an informant), sections 1581-1591 (relating to peonage, slavery, and trafficking in persons), section 1951 (relating to interference with commerce, robbery, or extortion), section 1952 (relating to racketeering) ...(F) any act which is indictable under the Immigration and Nationality Act, section 274 (relating to bringing in and harboring certain aliens),

## DFENDANT'S MOTION RELIES UPON AN ASPIRATION, NOT LAW

Counsel has gone to great lengths in her effort to convert the instant action into a §7433 suit. However, Plaintiffs are correctly bringing the instant action under §7431. Counsel's motion fails in that said motion and memorandum (dubiously) in support thereof rely solely upon Counsel's desire to have the Court "mis" treat the instant action as something it clearly is not. Failing to do so, Counsel has not effectively addressed Plaintiffs' Amended complaint, and cannot move the Court to act. Defendant's motion comes unsupported in that Counsel has chosen to ignore the material allegations contained in Plaintiffs' complaint, and has instead argued against something not before the Court. Plaintiffs' complaint is sworn testimony, and in affidavit form. As such, Plaintiffs cannot be compelled by Counsel to alter said testimony. Nor can Counsel compel Plaintiffs to retreat from a cause of action authorized and approved by Congress.

## CONCLUSION

Defendant's motion fails on every ground upon which it relied. Counsel for the defendant has not addressed the case at bar, and has instead invoked her own aspiration to convert the instant matter into something it is not. Plaintiffs respectfully request the Court deny defendant's motion to dismiss in its entirety.

Respectfully entered April 30, 2007.

Linda D. Lykens

Stephen W. Lykens

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Opposition to Motion to Dismiss was served on April 30, 2007, by USPS to the following person, addressed as follows:

NICOLE M. STODUTO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044

Linda D. Lykens