IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA D. LYKENS, ) | |
| STEPHEN W. LYKENS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:07-cv-00020-JDB |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

REPLY TO PLAINTIFFS' OPPOSITION TO
UNITED STATES' MOTION TO DISMISS

This is an action under 26 U.S.C. § 7431 for the recovery of damages allegedly caused by the disclosure of confidential return information by the Internal Revenue Service.

STATEMENT & DISCUSSION

1. Introduction.  On April 19, 2007, the United States filed a fully supported motion to dismiss Plaintiffs' amended complaint.  Plaintiffs have opposed the motion to dismiss on several grounds.  This reply brief addresses only those points raised in Plaintiffs' opposition that warrant a response.  With respect to those points not discussed herein, the United States relies upon its memorandum in support of the motion to dismiss.

2. Plaintiffs' opposition.  In their response, Plaintiffs allege that the United States is attempting to treat 26 U.S.C. § 7433 as though it repeals 26 U.S.C. § 7431.  Plaintiffs further allege that Plaintiffs are not required to plead that they exhausted their

administrative remedies.

ARGUMENT

**I. Although Section 7433 and Section 7431 Coexist, Plaintiffs' Only Possible Avenue of Recourse Is Section 7433.**

Section 7433 of the Internal Revenue Code provides the exclusive remedy for allegedly unauthorized or improper collection actions. Disclosures of return information allegedly made in the course of collection actions, e.g., serving notices of levy, are subsumed within this exclusive remedy. In Shwarz v. United States, the Ninth Circuit held that section 7433 is the exclusive remedy for alleged unauthorized disclosures of tax return information that occur in the course of collection activity, and barred a claim under section 7431 in such a case. Shwarz v. United States, 234 F.3d 428 (9th Cir. 2000). This Court recently concurred with the holding in Shwarz and the exclusivity of section 7433. Glass v. United States, No. 06-1619, ___ F. Supp. 2d ___, 2007 WL 902074, at *2 (D.D.C. Mar. 27, 2007) ("§ 7433 bars claims under § 7431 when the alleged IRS disclosures involve federal tax collection activity"); Powell v. United States, No. 06-1860, ___ F. Supp. 2d ___, 2007 WL 853129, at *1 (D.D.C. Mar. 21, 2007) ("[G]iven the plain language of § 7433 (which was added after § 7431 was enacted) the Court concludes that the statute provides the sole remedy for claims of unauthorized disclosure made in the course of collection activity."); Evans v. United States, No. 06-1713, ___ F. Supp. 2d ___, 2007 WL 869039, at *3 (D.D.C. Mar. 21, 2007) ("§ 7433 bars a claim under § 7431 where the alleged IRS disclosure is 'in connection with any collection of Federal tax.'"); Koerner v. United States, 471 F. Supp. 2d 125, 127 (D.D.C.

2007) ("Accordingly, § 7433 is plaintiffs' only possible avenue of recourse and the Court lacks subject matter jurisdiction to hear plaintiffs' claims under § 7431."); <u>Ross v. United States</u>, 460 F. Supp. 2d 139, 139 (D.D.C. 2006) ("This Court...concludes that, based on the plain language of section 7433(a) and its legislative history, section 7433 bars plaintiffs' claim for damages to the extent plaintiffs seek such relief under [other statutes].").

Contrary to Plaintiffs' contention, the United States is not arguing that section 7433 repealed section 7431 nor is it arguing that the two sections do not coexist.  Rather, it is the position of the United States that Plaintiffs' remedy for an alleged violation of section 6103 during the tax collection process is found exclusively in section 7433. Accordingly, the Court lacks subject matter jurisdiction to hear Plaintiffs' claim.

**II.  Plaintiffs Were Under an Obligation to Plead Exhaustion of Remedies**

Plaintiffs' argument that they were under no obligation to plead exhaustion of administrative remedies under the Federal Rules of Civil Procedure and section 7433 is incorrect.  Fed. R. Civ. P. 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Pursuant to 26 U.S.C. § 7433, "damages shall not be awarded *** <u>unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff</u> within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1) (emphasis added).  Plaintiffs failed to comply with Fed. R. Civ. P. 8 because they failed to set forth a short and plain statement indicating that they exhausted their administrative remedies by filing a proper administrative claim for damages.

CONCLUSION

It is the position of the United States that the motion to dismiss Plaintiffs' amended complaint should be granted.

DATED: May 11, 2007.

>Respectfully submitted,
>
>/s/ Nicole M. Stoduto
>NICOLE M. STODUTO
>Trial Attorney, Tax Division
>U.S. Department of Justice
>Post Office Box 227
>Washington, DC 20044
>Telephone: (202) 616-9785
>Facsimile: (202) 514-6866
>Email: Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA D. LYKENS, <br> STEPHEN W. LYKENS, <br><br>       Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br>       Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )    No. 1:07-cv-00020-JDB <br> ) <br> ) <br> ) <br> ) |

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the foregoing United States' REPLY TO PLAINTIFFS' OPPOSITION TO UNITED STATES' MOTION TO DISMISS was caused to be served upon Plaintiffs *pro se* on the 11th day of May, 2007, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

    LINDA D. LYKENS
    Plaintiff *Pro Se*
    P.O. Box 408
    Twin Lake, MI 49457

    STEPHEN W. LYKENS
    Plaintiff *Pro Se*
    P.O. Box 408
    Twin Lake, MI 49457

                                                 /s/ Nicole M. Stoduto
                                                 NICOLE M. STODUTO