UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA D. LYKENS AND STEPHEN W. LYKENS,<br><br>    Plaintiffs,<br><br>        v.<br><br>UNITED STATES,<br><br>    Defendant. | Civil Action No. 07-0020 (JDB) |

## MEMORANDUM OPINION

Plaintiffs seek damages against the United States pursuant to 26 U.S.C. § 7431(a)(1) based on alleged unlawful disclosures of confidential tax return information by the Internal Revenue Service ("IRS") when it served notices of levy on plaintiffs' credit union and employers. See Amended Compl. ¶¶ 4-6. Defendant has filed a motion to dismiss for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted.

## BACKGROUND

Plaintiffs allege that the IRS mailed notices of levy on the Howmet Credit Union and on each plaintiff's place of employment on various dates in 2006 and 2007.[1] Am. Compl. ¶¶ 4-7. Each notice of levy asserts that a tax or civil penalty is owed by plaintiffs for unpaid taxes or penalties due pursuant to a 1040A -- a well-known reference to the individual federal income tax return form. Id. Exhibits 1-3. Plaintiffs allege that the notices were issued in the absence of evidence of a lawful assessment of taxes. Id. ¶¶ 4-7. Plaintiffs further allege that, as a result of the IRS notices, their tax return information has been wrongfully disclosed, and they have

---

[1] The IRS notices attached to plaintiffs' amended complaint are considered incorporated by reference therein. See Stewart v. Nat'l Educ. Ass'n, 471 F.3d 169, 173 (D.C. Cir. 2006).

suffered substantial personal embarrassment, loss of good will, and loss of credit. Id. ¶¶ 8-11.

Pursuant to 26 U.S.C. § 7431(a), plaintiffs seek damages in the amount of $1,000 for each disclosure and punitive damages in an amount yet to be determined. Id. ¶¶ 19-20. This provision of the Internal Revenue Code creates a damages action for unlawful disclosures of confidential tax return information, and states, in relevant part:

> (1) Inspection or disclosure by employee of United States. -- If any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

Section 6103, in turn, provides that tax returns and return information shall be kept confidential subject to several enumerated exceptions. 26 U.S.C. § 6103.

A separate provision of the Internal Revenue Code, 26 U.S.C. § 7433, authorizes a damages action for unlawful collection actions by the IRS. That provision states:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433(a). Thus, a violation of section 6103 (unauthorized disclosure of confidential information) "in connection with any collection of Federal tax" is actionable under section 7433. It bears noting that plaintiffs disclaim any reliance on section 7433 (see Pls.' Opp. at 8) -- not surprising given the dismissal of their claim under 26 U.S.C. § 7433 last year. See Lykens v. United States, No. 06-1226, 2006 WL 3408188, at *5-6 (D.D.C. Nov. 27, 2006).

**STANDARD OF REVIEW**

"[I]n passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Leatherman v. Tarrant Cty. Narcotics and Coordination Unit, 507 U.S. 163, 164 (1993); Phillips v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979). Therefore, the factual allegations must be presumed true, and plaintiffs must be given every favorable inference that may be drawn from the allegations of fact. Scheuer, 416 U.S. at 236; Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000). However, the Court need not accept as true "a legal conclusion couched as a factual allegation," nor inferences that are unsupported by the facts set out in the complaint. Trudeau v. Federal Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Here, the Court will treat defendant's motion to dismiss as one for failure to state a claim upon which relief can be granted because the deficiency alleged pertains to the boundaries of the right of action under 26 U.S.C. § 7431 in light of section 7433, in contrast to a statutory provision speaking to the jurisdiction of the district courts. See Arbaugh v. Y&H Corp., 126 S. Ct. 1235, 1245 (2006) ("when Congress does not rank a statutory limitation as . . . jurisdictional, courts should treat the restriction as non-jurisdictional in nature"); see also Trudeau, 456 F.3d at 188, 191 (observing that whether a statute authorizes a cause of action presents a question of whether plaintiff states a claim upon which relief can be granted, rather than jurisdiction).

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court is mindful that all that the Federal Rules of Civil Procedure require of a complaint is that it contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to

'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); accord Erickson v. Pardus, 551 U.S. ___, 127 S. Ct. 2197, 2200 (2007) (per curiam).  Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atl. Corp., 127 S. Ct. at 1964-65; see also Papasan, 478 U.S. at 286.  Instead, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp., 127 S. Ct. at 1965 (citations omitted).

## ANALYSIS

Defendant contends that plaintiffs' amended complaint must be dismissed because 26 U.S.C. § 7433 provides the exclusive remedy for allegedly unauthorized or improper collection actions by the IRS, including those collection actions involving unlawful disclosures of confidential tax return information.  See Def.'s Mem. in Supp. of Mot. to Dismiss at 6-10. Plaintiffs respond that defendant has, in effect, asked the Court to take on the legislative task of modifying the right of action set forth in section 7431.  Pl.'s Opp. at 2-4.  The Court refers the parties to its analysis of this issue in Evans v. United States, 478 F. Supp. 2d 68 (D.D.C. 2007), and Martin v. United States, No. 06-1624, 2007 WL 891666, at *2-4 (D.D.C. Mar. 21, 2007), which concluded that similarly situated plaintiffs alleging unlawful disclosures of confidential tax return information in connection with tax collection activity did not state a legally cognizable claim under 26 U.S.C. § 7431.  The Court adopts that reasoning in finding that plaintiffs in this case also are precluded from bringing an action under section 7431.

Stated succinctly, the plain language of 26 U.S.C. § 7433 precludes a plaintiff from bringing an action for unlawful disclosure of confidential information under section 7431 where the alleged disclosure occurs "in connection with any collection of Federal tax." Evans, 478 F. Supp. 2d at 71-72; Martin, 2007 WL 891666, at *2-4.  This follows from the language in section 7433 broadly authorizing a damages action where the IRS "in connection with any collection of Federal tax . . . recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title," and in the same subsection providing that, with an exception not relevant here,[2] "such civil action shall be the exclusive remedy for recovering damages resulting from such actions." 26 U.S.C. § 7433(a) (emphasis added); see Evans, 478 F. Supp. 2d at 71-72.  Indeed, every judge of this Court who has considered the issue has concluded that disclosures of tax return information made in connection with the collection of a federal tax are not actionable under section 7431.  See Wesselman v. United States, 498 F. Supp. 2d 326, 327 (D.D.C. 2007) (Huvelle, J.); Miller v. United States, 496 F. Supp. 2d 129, 132 (D.D.C. 2007) (Urbina, J.); Powell v. United States, 478 F. Supp. 2d 66, 67-68 (D.D.C. 2007) (Leon, J.); Rhodes v. United States, No. 06-1840, 2007 WL 3196483, at *2-3 (D.D.C. 2007) (Sullivan, J.); see also Shwarz v. United States, 234 F.3d 428, 432-33 (9th Cir. 2000). Furthermore, disclosure of tax return information in an IRS notice of levy -- the type of disclosure alleged by plaintiffs -- is necessarily "in connection with . . . collection of Federal tax." See Opdahl v. United States, No. 98-0262, 2001 WL 1137296, at *2 (D.D.C. Aug. 16, 2001).  In light of the exclusivity provision of section 7433, even assuming all of plaintiffs' factual

---

[2] The exclusivity provision in section 7433 makes an exception for an action under section 7432 -- one seeking civil damages in certain circumstances based on IRS failure to release a lien.

allegations to be true, the amended complaint thus fails to state a claim upon which relief can be granted under section 7431.

Defendant makes much of whether plaintiffs' claim should be construed as a claim for damages under 26 U.S.C. § 7433, and then dismissed for failure to exhaust administrative remedies.  See Def.'s Mem. at 10-12.  Nothing in the amended complaint indicates that it is brought pursuant to section 7433, and plaintiffs have expressly disclaimed reliance on that provision.  Pls.' Opp. at 8.  Plaintiffs clearly recognize that a right of action exists under section 7433, having brought a claim under that provision last year, which this Court dismissed.  See Lykens, No. 06-1226, 2006 WL 3408188, at *5-6.  Thus, the Court finds no basis for further consideration of whether this case should be treated, in the alternative, as one brought pursuant to section 7433.

## CONCLUSION

For the foregoing reasons, the Court will grant defendant's motion to dismiss plaintiffs' amended complaint.  A separate order has been issued on this date.

/s/
JOHN D. BATES
United States District Judge

Dated:   December 12, 2007